UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KATHLEEN P. MULLINIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | No. 04-12684-WGY |
| | ) | |
| KIKI BOGORAD-GROSS and | ) | |
| LEONARD P. BOGORAD, as They | ) | |
| Are Executors of the Will of | ) | |
| Lawrence Bogorad, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendants Kiki Bogorad-Gross and Leonard P. Bogorad, as they are Executors of the Will of Lawrence Bogorad (collectively, "Defendants"), by their attorneys, Sullivan & Worcester LLP, hereby answer the Complaint and Demand for Jury Trial, dated December 22, 2004 (the "Complaint"), of the Plaintiff, Kathleen P. Mullinix ("Mullinix"), as follows:

1.      Paragraph 1 of the Complaint contains characterizations and conclusions to which no response by the Defendants is required.

2.      Admit, upon information and belief, the allegations in paragraph 2.

3.      Admit the allegations in paragraph 3.

4.      Admit the allegations in paragraph 4.

5.      Admit the allegations in paragraph 5.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response by the Defendants is required.

7. Paragraph 7 of the Complaint contains conclusions of law to which no response is required, except admit that the Estate of Lawrence Bogorad, late of Lexington, Massachusetts ("Bogorad"), is being administered in Massachusetts.

8. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, except admit and aver, upon information and belief, that on or about February 10, 2003, Mullinix, as purchaser, entered into a written "Contract of Sale – Cooperative Apartment" in respect of cooperative Unit 15B, 1050 Fifth Avenue, New York, New York 10128.

19. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, except admit and aver, upon information and belief, that on or about March 31, 2003, that Mullinix sold a condominium unit in The Gotham Condominium located at 170 East 87th Street, New York, New York 10128.

20. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, except admit and aver, upon information and belief, that Bogorad resided full-time in his Lexington home and had expressed no plans to the Defendants to relocate.

22. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, except admit that Bogorad made a payment by check to Raynor M. Warner on or about July 28, 2003 in the amount of $1,787.00.

24. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Deny the allegations in paragraph 30, except admit that Bogorad died on December 28, 2003, in Mexico during a vacation trip with various family members and that Mullinix accompanied Bogorad on that trip.

31. Deny the allegations in paragraph 31.

32. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Deny the allegations in paragraph 33, except Defendants admit that they allowed Mullinix to stay in Bogorad's home in Lexington, Massachusetts, for a time after his death.

34. Deny the allegations in paragraph 34, except (a) admit that Bogorad's home in Lexington, Massachusetts, was sold in or about June, 2004, and (b) deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence thereof.

35. Deny the allegations in paragraph 35, except Defendants admit that their counsel received an August 20, 2004 letter from counsel to Mullinix containing, *inter alia*, various demands and that Defendants have rejected those demands.

36. In response to paragraph 36 of the Complaint, the Defendants incorporate as if set forth in full herein their responses to paragraphs 1 through and including 35 thereof.

37. Deny the allegations in paragraph 37, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence thereof.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

40. In response to paragraph 40 of the Complaint, the Defendants incorporate as if set forth in full herein their responses to paragraph 1 through and including 39 thereof.

41. Deny the allegations in paragraph 41, except deny having knowledge or information sufficient to form a belief on to the truth of the allegation in the first sentence thereof.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. In response to paragraph 44 of the Complaint, the Defendants incorporate as if set forth in full herein their responses to paragraphs 1 through and including 43 thereof.

45. Deny the allegations in paragraph 45.

46. Deny the allegations in paragraph 46.

47. Deny the allegations in paragraph 47.

48. In response to paragraph 48 of the Complaint, the Defendants incorporate as if set forth in full herein their responses to paragraphs 1 through and including 47 thereof.

49. Deny the allegations in paragraph 49, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence.

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52. In response to paragraph 52 of the Complaint, the Defendants incorporate as if set forth in full herein their responses to paragraphs 1 through and including 51 thereof.

53. Deny the allegations in paragraph 53, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence thereof.

54. Deny the allegations in paragraph 54.

55. Deny the allegations in paragraph 55.

56. Deny the allegations in paragraph 56.

57. In response to paragraph 57 of the Complaint, the Defendants incorporate as if set forth in full herein their responses to paragraphs 1 through and including 56 thereof.

58. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59. Deny the allegations in paragraph 59, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence thereof.

60. Deny the allegations in paragraph 60.

61. Deny the allegations in paragraph 61.

62. In response to paragraph 62 of the Complaint, the Defendants incorporate as if set forth in full herein their responses to paragraphs 1 through and including 61 thereof.

63. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64. Deny the allegations in paragraph 64, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence thereof.

65. Deny the allegations in paragraph 65.

66. Deny the allegations in paragraph 66.

67. In response to paragraph 67 of the Complaint, the Defendants incorporate as if set forth in full herein their responses to paragraphs 1 through and including 66 thereof.

68. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69. Deny the allegations in paragraph 69, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence thereof.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71.

72. In response to paragraph 72 of the Complaint, the Defendants incorporate as if set forth in full herein their responses to paragraphs 1 through and including 71 thereof.

73. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74. Deny the allegations in paragraph 74, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence thereof.

75. Deny the allegations in paragraph 75.

76. Deny the allegations in paragraph 76.

77. In response to paragraph 77 of the Complaint, the Defendants incorporate as if set forth in full herein their responses to paragraphs 1 through and including 76 thereof.

78. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. Deny the allegations in paragraph 79, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence thereof.

80. Deny the allegations in paragraph 80.

81. Deny the allegations in paragraph 81.

82. Deny the allegations in paragraph 82.

83. Deny the allegations in paragraph 83.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails in various ways to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims is barred by the applicable Statute of Frauds.

### THIRD AFFIRMATIVE DEFENSE

The contract alleged by Plaintiff fails for and is not enforceable due to insufficiency of consideration.

### FOURTH AFFIRMATIVE DEFENSE

The contract alleged by Plaintiff fails for and is not enforceable due to lack of definiteness and certainty as to all of its material terms.

### FIFTH AFFIRMATIVE DEFENSE

Performance of the contract alleged by Plaintiff became impossible upon the death of Bogorad.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has waived, in whole or in part, one or more of the claims alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by her conduct from asserting one or more of the claims alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

## **COUNTERCLAIM FOR DECLARATORY JUDGMENT**

As for their counterclaim against Plaintiff/Counterclaim-Defendant, Kathleen P. Mullinix ("Mullinix"), Defendants/Counterclaim-Plaintiffs Kiki Bogorad-Gross and Leonard P. Bogorad, as they are Executors of the Will of Lawrence Bogorad (collectively, "Defendants"), allege as follows:

Parties

1.    Defendant/Counterclaim-Plaintiff Kiki Bogorad-Gross is an individual resident of the Commonwealth of Massachusetts, residing at 80 Highland Avenue, Newton, Massachusetts 02460.

2.    Defendant/Counterclaim-Plaintiff Leonard P. Bogorad is an individual resident of the State of Maryland, residing at 5121 Worthington Drive, Bethesda, Maryland 20816.

3.    Plaintiff/Counterclaim-Defendant Kathleen P. Mullinix is an individual resident of the State of New York who, upon information and belief, resides at 1050 Fifth Avenue, Apartment 15B, New York, New York 10028.

4.    Lawrence Bogorad ("Bogorad") died on December 28, 2003. The Defendants/Counterclaim-Plaintiffs Kiki Bogorad-Gross and Leonard P. Bogorad are Mr. Bogorad's daughter and son, and have been appointed executors of the will of Mr. Bogorad by decree of a Justice of the Probate and Family Court Department of the Massachusetts Trial Court for Middlesex County.

Statement of Controversy

5.    In her Complaint and Demand for Jury Trial, dated December 22, 2004 (the "Complaint"), Mullinix alleges that:

> In or around November 2002, Ms. Mullinix looked at an apartment located at 1050 5th Avenue in New York City (hereinafter, the "Apartment") which was for sale. Mr. Bogorad wanted to look at the Apartment with Ms. Mullinix but Ms.

> Mullinix declined because she felt the Apartment was too expensive, and would need extensive renovations. Mr. Bogorad told Ms. Mullinix that he would pay for the costs of the renovations. See Complaint ¶ 14.

6. In the Complaint, Mullinix further alleges that:

On or about February 7, 2003 . . . Ms. Mullinix continued to believe that the cost of the Apartment and the renovations were too expensive . . . Mr. Bogorad reiterated his commitment to pay for the cost of the renovations. Mr. Bogorad also told Mr. Mullinix that he would pay for the monthly maintenance fees for the Apartment. See Complaint ¶¶ 17, 18.

7. On February 10, 2003, Mullinix, as purchaser, entered into a written "Contract of Sale- Cooperative Apartment" (the "Purchase and Sale Agreement") in respect of cooperative Unit 15B, 1050 Fifth Avenue, New York, New York 10128 (the "Apartment"). Under the Purchase and Sale Agreement, the sellers sold Mullinix Six-Hundred Ten shares allocated to Unit 15B and assigned her the proprietary lease for the Apartment. Upon information and belief, Mullinix and sellers closed the transaction on June 10, 2003. At that time, the cooperative housing corporation, 1050 Fifth Avenue, Inc., delivered its consent to the transfer, and issued a new lease and stock certificate to Mullinix.

8. Mullinix has asserted claims against Defendants for breach of contract and estoppel based on Bogorad's alleged commitment to pay the cost of the renovations and the architect's fee for the Apartment, up to $400,000, and also the monthly maintenance charges for the Apartment, past and in the future. Defendants deny the validity of these claims.

9. In the event that Mullinix establishes Defendants' liability for renovation costs and maintenance fees for the Apartment, the estate of Bogorad concurrently acquires an ownership interest in the cooperative shares and proprietary lease for the Apartment by resulting or constructive trust in an amount proportionate to the aggregate contribution by Bogorad and his estate in relation to the total investment in the Apartment.

10.     A judgment against Defendants constitutes a *de facto* finding that Bogorad obtained an equitable interest in the cooperative shares and proprietary lease for the Apartment by providing the underlying consideration.

11.     An actual controversy exists and is continuing between the Defendants and Mullinix within the meaning of the Declaratory Judgments Act, 28 U.S.C. § 2201.

**WHEREFORE**, Defendants Kiki Bogorad-Gross and Leonard P. Bogorad, as they are Executors of the Will of Lawrence Bogorad, respectfully request that this Court:

(i)     Dismiss the Complaint of Plaintiff Kathleen P. Mullinix with prejudice;

(ii)    Award to Defendants their costs and expenses of this action, including attorneys' fees;

(iii)   In the event that Mullinix establishes the liability of Defendants for renovation costs or maintenance fees for the Apartment, declare that the estate of Lawrence Bogorad acquires an ownership interest in the cooperative shares and proprietary lease for the Apartment by resulting or constructive trust in an amount proportionate to the aggregate contribution by the decedent and his estate in relation to the total investment in the Apartment;

(iv)    Award such partition or other relief as may be necessary and appropriate to effectuate the estate of Bogorad's ownership interest in the cooperative shares and proprietary lease for the Apartment; and

(v)     Award to Defendants such further relief as is just.

                                              KIKI BOGORAD-GROSS and
LEONARD P. BOGORAD, as
they are the Executors of the Will
of Lawrence Bogorad

By their attorneys,

February 28, 2005                           /s/     Larry L. Varn
                                              Larry L. Varn (BBO # 508130)
Karen P. Carp (BBO # 659023)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
lvarn@sandw.com
(617) 338-2800