UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN P. MULLINIX,<br><br>Plaintiff,<br><br>v.<br><br>KIKI BOGORAD-GROSS and LEONARD P. BOGORAD, As They Are Executors of the Will of Lawrence Bogorad,<br><br>Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 04-12684-WGY |

**REPLY OF PLAINTIFF KATHLEEN P. MULLINIX
TO COUNTERCLAIM OF DEFENDANTS
KIKI BOGORAD-GROSS AND LEONARD P. BOGORAD**

Kathleen P. Mullinix, the Plaintiff / Counterclaim Defendant in the above captioned action, by and through her attorneys, replies to the counterclaim of Defendants / Counterclaim Plaintiffs Kiki Bogorad-Gross and Leonard P. Bogorad as follows:

FIRST DEFENSE

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted, except that the Defendants / Counterclaim Plaintiffs do not quote the entirety of paragraphs 16 and 17 of the Plaintiff's complaint, and the portions cited are in

paragraphs 16 and 17, not paragraphs 17 and 18, as alleged by Defendants / Counterclaim Plaintiffs.

7.      In response to Paragraph 7, Ms. Mullinix admits that she executed a Contract for Sale for the Apartment on February 7, 2003 and that the Sellers of the Apartment executed the Contract for Sale for the Apartment on February 10, 2003. To the extent the allegations contained in Paragraph 7 attempt to construe the terms of the Contract for Sale, Ms. Mullinix respectfully refers the Court to the Contract for Sale which speaks for itself and is the best evidence of its terms. With respect to the third sentence of Paragraph 7, Ms. Mullinix admits that she closed on the purchase of the Apartment on June 10, 2003. The final sentence of Paragraph 7 is admitted.

8.      Admitted insofar as Ms. Mullinix has asserted breach of contract and estoppel claims in her complaint respecting, *inter alia*, Mr. Bogorad's commitment to pay for the cost of renovations to the Apartment, including the architect's fee, up to $400,000, and the past and future monthly maintenance fees for the Apartment. Defendants / Counterclaim Plaintiffs purportedly have denied those claims.

9.      Paragraph 9 sets forth a conclusion of law that requires no response. In the event a response is required, however, the allegations in paragraph 9 are denied.

10.     Paragraph 10 sets forth a conclusion of law that requires no response. In the event a response is required, however, the allegation in paragraph 10 is denied.

11.     Paragraph 11 sets forth a conclusion of law that requires no response. In the event a response is required, however, the allegation in paragraph 11 is denied.

## SECOND DEFENSE

The counterclaim of Defendants / Counterclaim Plaintiffs fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendants / Counterclaim Plaintiffs are barred from receiving the relief requested because the legal title to the property rightfully belongs to, and only to, Ms. Mullinix.

## FOURTH DEFENSE

A constructive or resulting trust may not be imposed because Ms. Mullinix is not, and would not be, unjustly enriched by maintaining sole title to the property.

## FIFTH DEFENSE

A constructive or resulting trust may not be imposed because Professor Bogorad did not intend that a trust be created at the time Ms. Mullinix purchased the property.

## SIXTH DEFENSE

A constructive or resulting trust may not be imposed because there was no promise by Ms. Mullinix that a trust would be created, and Professor Bogorad and Ms. Mullinix made no agreement that a trust would be created.

## SEVENTH DEFENSE

A constructive or resulting trust may not be imposed because Professor Bogorad did not intend to have a distinct and separate interest in the property.

## EIGHTH DEFENSE

A constructive or resulting trust may not be imposed because there are no allegations of fraud, breach of a fiduciary duty or misconduct on the part of Ms. Mullinix.

<u>NINTH DEFENSE</u>

A constructive or resulting trust may not be imposed because Professor Bogorad did not contribute to the purchase of the property.

<u>TENTH DEFENSE</u>

Even if Professor Bogorad did contribute to the purchase of the property, a constructive or resulting trust may not be imposed because his contribution was not made in reliance on an unfulfilled promise.

<u>ELEVENTH DEFENSE</u>

Pursuant to their Answers to Paragraphs 37, 38, 39, 41, 42, 43, 59, 60, 61, 64, 65, and 66 of the Complaint, Defendants / Counterclaim Plaintiffs have waived, in whole or in part, their counterclaim.

<u>TWELFTH DEFENSE</u>

Defendants / Counterclaim Plaintiffs are estopped from asserting their counterclaim.

<u>THIRTEENTH DEFENSE</u>

Professor Bogorad knew that Ms. Mullinix was taking title to the property solely in her name, and consented to Ms. Mullinix taking title to the property solely in her name.


WHEREFORE, Ms. Mullinix denies that the Defendants / Counterclaim Plaintiffs are entitled to the relief demanded in the counterclaim or to any other relief.  Accordingly, Ms. Mullinix respectfully requests that this court dismiss the counterclaim against her with prejudice, award her costs and expenses of this action, including attorney's fees, and grant such other and further relief as the Court deems just and appropriate.

Respectfully Submitted,

KATHLEEN P. MULLINIX,
By her attorneys,

 /s/ Larry C. Kenna
Larry C. Kenna (BBO # 267760)
Michelle L. Dineen Jerrett (BBO # 634930)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 248-5000

Date: April 14, 2005