UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN P. MULLINIX,               )
                                    )
          Plaintiff,                )
                                    )
          v.                        )     Civil Action No. 04 12684 WGY
                                    )
KIKI BOGORAD-GROSS and LEONARD P.   )     YOUNG, D.J. *as modified*
BOGORAD, As They Are Executors of the Will of )  So ordered as the case management
Lawrence Bogorad,                   )     scheduling order.
                                    )         Discovery due *April 3*.  *16*
          Defendants.               )         Dispositive Motions due *Jun* *5, 2006*
                                    )
                                          *William B. Young*
                                          U.S. District Judge
                                          *Sept. 14, 2005*

### JOINT STATEMENT OF COUNSEL PURSUANT TO LOCAL RULE 16.1(D)

1.   Rule 26(f)/Local Rule 16.1(D) Conference

On August 31, 2005, Larry C. Kenna and Michelle Dineen Jerrett, counsel for the

plaintiff, and Larry Varn and Lisa Hodes, counsel for the defendants, conducted a meeting

pursuant to Fed. R. Civ. P. 26(f) and Loc. R. 16.1(D).

2.   Concise Summary of Positions

The parties provide the following summaries of their respective positions with respect to

liability and relief sought:

(a) The plaintiff Kathleen Mullinix. This is an action to recover damages for the

defendants' breach of contract. Before his death on December 28, 2003, Lawrence Bogorad

contracted with the plaintiff to (i) split evenly with her the tax consequences that resulted from

the sale of her apartment on East 87th Street in New York; (ii) pay the monthly maintenance fees

for her apartment on 5th Avenue in New York; (iii) pay for the cost of renovations to the 5th

Avenue apartment, including the cost of the work and the architect's fee; and (iv) split evenly with her the costs she incurred for storing her belongings from the East 87th Street apartment until those belongings could be moved into the 5th Avenue apartment upon completion of the renovations. The plaintiff took action in reliance on Mr. Bogorad's commitments and assumed obligations with the expectation of performance by Mr. Bogorad. The defendants are Mr. Bogorad's daughter and son, have been appointed executors of the will of Mr. Bogorad, and have refused to honor the contracts. In addition, both Mr. Bogorad before his death, and the defendant Leonard Bogorad in or around January and February 2004, assured the plaintiff that she could remain living in Mr. Bogorad's house in Massachusetts until the renovations to the 5th Avenue apartment were completed. However, in breach of this contract, the defendants sold Mr. Bogorad's house before the renovations were completed and the plaintiff was forced to rent an apartment to live in until the renovations were completed. The plaintiff seeks damages in excess of $450,000.00. The defendants' claim of an ownership interest in the 5th Avenue apartment by a resulting or constructive trust is without merit.

(b) The defendants have denied or lack any knowledge concerning the material allegations of Ms. Mullinix's complaint and she has not presented evidence to convince them – or, in their opinion, to convince any trier of fact – that the oral, undocumented, uncorroborated contract she now claims to have had with their late father, Professor Lawrence Bogorad, of Lexington, Massachusetts, was ever made. In addition, any such oral contract is barred by the applicable New York statute of frauds, lacks sufficient definiteness and certainty to be enforced and, in any event, was terminated upon Professor Bogorad's unexpected death in Mexico on December 28, 2003. Finally, if any contract is found to have existed between Ms. Mullinix and Professor Bogorad in respect of Ms. Mullinix's cooperative apartment on Fifth Avenue in New

-2-

3981364v1

York (as to which she holds the proprietary lease and associated stock in her sole name), then Professor Bogorad's estate has a proportionate ownership interest which Ms. Mullinix holds in a constructive or resulting trust on account of the consideration furnished by Professor Bogorad or potentially to be furnished by his estate if the Court concludes that a contract existed between him and Ms. Mullinix.

     3.    Proposed Discovery Plan and Case Schedule

The parties' joint proposal for a discovery plan is as follows:

(a)    All written discovery served by October 7, 2005.

(b)    All written responses to written discovery by November 9, 2005.

(c)    Plaintiff will designate experts by January 6, 2006.

(d)    Defendants will designate experts by February 3, 2006.

(e)    All fact depositions completed by March 10, 2006.

(f)    All expert depositions completed by April 7, 2006.

(g)    Dispositive motions filed by June 5, 2006.

(h)    ~~Responses to dispositive motions by July 10, 2006.~~ *WHY*

(i)    Final Pretrial Conference in September, 2006.

(j)    Trial in October, 2006.

     4.    Other Matters

(a) Trial by Magistrate. The parties do not consent to trial before a U.S. Magistrate Judge.

(b) Certifications of Consultation. To be filed in accordance with Local Rule 16.1(D).

(c) Settlement Proposals. To be presented in accordance with Local Rule 16.1(D).

5. Agenda

-3-

The parties propose the following agenda for the Scheduling Conference:

(a)     the discovery plan and case schedule outlined above; and

(b)     such other matters as the Court may find appropriate and useful to discuss.

Respectfully submitted,

KATHLEEN P. MULLINIX,
By her attorneys,

KIKI BOGORAD-GROSS and LEONARD P.
BOGORAD, as they are Executors of the Will
of Lawrence Bogorad

/s/ Larry C. Kenna
Larry C. Kenna (BBO # 267760)
Michelle L. Dineen Jerrett (BBO #634930)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
Tel: (617) 248-5000

By their attorney,

/s/ Larry L. Varn
Larry L. Varn (BBO# 508130)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

-4-

3981364v1