# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KATHLEEN P. MULLINIX, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | Civil Action No. 04-12684-WGY |
| v. | ) ) | |
| KIKI BOGORAD-GROSS and LEONARD P. BOGORAD, As They Are Executors of the Will of Lawrence Bogorad, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH DEFENDANTS' RULE 34 REQUEST FOR ENTRY UPON LAND

Pursuant to Fed. R. Civ. P. 26, 34 and 37, Defendants Kiki Bogorad-Gross and Leonard Bogorad, as they are Executors of the Will of Lawrence Bogorad (collectively, "Defendants"), by their attorneys, Sullivan & Worcester LLP, respectfully submit this memorandum of law in support of their motion to compel the Plaintiff, Kathleen P. Mullinix ("Plaintiff"), to comply with Defendants' Rule 34 Request for Entry Upon Land ("Rule 34 Request"). Plaintiff seeks to impose restrictions upon Defendants' Rule 34 Request that are both unreasonable and which run afoul of the Federal Rules of Civil Procedure. As a result of Plaintiff's failure to permit the Defendants' requested inspection, the Defendants are unable to adequately prepare for trial.

# I.    BACKGROUND[1]

## A.    The Underlying Case.

Plaintiff has asserted claims against Defendants for breach of contract and estoppel based on the alleged oral commitments of the late Professor Lawrence Bogorad ("Professor Bogorad") to Plaintiff, his mistress, to pay (1) one-half the capital gains tax consequence incurred as a result of the sale of her apartment located at 170 East 87th Street in New York City; (2) the cost of the renovations and the architect's fee for her new Manhattan apartment located at 1050 Fifth Avenue in New York City ("Apartment"); (3) past and future monthly maintenance charges for the Apartment; (4) and one-half the storage fees incurred as a result of the renovations of the Apartment.  Plaintiff also seeks damages for the Defendants' alleged breach of the terms of the purported oral contract by selling Professor Bogorad's home in Lexington, Massachusetts, which required the Plaintiff to assume temporary housing during the renovations of her Apartment.  It is undisputed that there are no documents evidencing or corroborating the alleged contracts, and the Defendants vigorously deny the validity of these claims.

## B.    The Plaintiff Seeks to Unreasonably Restrict the Defendants' Rule 34 Request.

Defendants served the Rule 34 Request to the Plaintiff on January 25, 2006 in order to conduct a real property appraisal of the Apartment, which is the principal subject of this case. The current value of the Apartment bears directly on Plaintiff's alleged damages and her claim that she suffered a financial detriment as a result of the alleged oral commitments by Professor Bogorad.  A true and accurate copy of the Rule 34 Request is attached hereto as **Exhibit A**.  On or around February 16, 2006, the Plaintiff proposed certain restrictions on the Rule 34 Request ("Proposed Restrictions").  A true and accurate copy of the February 16 email is attached hereto

---

[1] The facts of this case are recounted in more detail in Defendants' Motion for a Protective Order, dated February 10, 2006.

as **Exhibit B.** The Proposed Restrictions stipulated that: (1) the Defendants not be present for the inspection, (2) the Plaintiff would be advised if Defendants' counsel would be present for the inspection, (3) the inspection last for no more than one (1) hour, (4) all actions of the appraiser be consistent with the purpose of a straight real property appraisal, (5) the appraiser sign a nondisclosure agreement and, pending the resolution of stalled negotiations for a stipulated protective order, all appraisal materials be viewed only by Defendants' counsel, (6) all photographs will be used solely for the purposes of this litigation and, at the conclusion of the litigation, all photographs and negatives would be surrendered to Plaintiff's counsel, (7) the appraisal would be used solely for the purposes of this litigation and, at the conclusion of the litigation, all documents reflecting the appraisal would be surrendered to Plaintiff's counsel, and (8) no videotaping would be permitted.

On or about February 17, 2006, Defendants' counsel responded to the Proposed Restrictions. A true and accurate copy of the February 17 email is attached hereto as **Exhibit C.** The Defendants agreed to reasonable restrictions, including that (1) they would not be present for the appraisal, (2) their counsel would not be present for the appraisal, (3) one (1) hour would be sufficient for the appraisal, (4) all actions of the appraiser would be consistent with the purpose of a real property appraisal, (5) all photographs and appraisal documents would be used solely for the purposes of this litigation, and (6) the appraiser would take still photographs only. However, the Defendants did not agree to the unreasonable restrictions that prohibited their access to the appraisal documents pending the resolution of stalled negotiations of a draft stipulated protective order; the Defendants also declined to surrender to Plaintiff's counsel the photographs, negatives and appraisal documents—the Defendants' work product—at the conclusion of this litigation (collectively, "Disputed Restrictions"). Subsequently, the

- 3 -

Defendants received the Plaintiff's formal objection to the Rule 34 Request on February 23, 2006. A true and accurate copy of Plaintiff's objection to the Rule 34 Request is attached hereto as **Exhibit D.**

## II.     ARGUMENT

### A.     The Court Should Compel the Plaintiff to Comply with the Rule 34 Request.

This court has consistently recognized that "a party resisting discovery 'has the burden of showing some sufficient reason why discovery should not be allowed . . .'." See generally Flag Fables, Inc. v. Jean Ann's Country Flags & Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989) (quoting Kozlowski v. Sears, Roebuck & Co., 73 F.R.D. 73, 76 (D. Mass. 1976)). The Plaintiff's objection to the Rule 34 Request fails to provide any meaningful reason why the straightforward, garden-variety discovery sought by Defendants' Rule 34 Request should not be allowed.[2] Moreover, the Disputed Restrictions demanded by Plaintiff far exceed the scope of the Rules. Accordingly, this Court should compel the Plaintiff to promptly comply with the Rule 34 Request because the Defendants should be afforded the opportunity to discover facts that are essential to their defense. See generally Atlas Tack Corp. v. Donabed, 47 Mass. App. Ct. 221, 224 (1999) (internal citations omitted) ("[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation").

The requested inspection should go forward because a real property appraisal of the Apartment is central to the Defendants' defense for two important reasons. First, ascertaining the Apartment's fair market value will determine the extent of Plaintiff's damages, if any, arising

---

[2] Plaintiff's counsel has orally communicated that the Disputed Restrictions protect the Plaintiff's privacy. However, Defendants' counsel has assured Plaintiff's counsel orally and in writing that any and all appraisal documents will be used solely for the purposes of this litigation.

from the allegation that Professor Bogorad contracted with the Plaintiff, a self-proclaimed mistress for over twenty (20) years, to pay for the Apartment's extensive and expensive renovations.[3]  Second, the photographs taken by the appraiser will allow the Defendants to inspect the Apartment in order to determine whether the Plaintiff executed plans to install various amenities, such as a customized shower, that were tailored for Professor Bogorad's needs.[4]  Indeed, it would be a key point of the defense if the Plaintiff altered her renovation plans and then continued to demand that Professor Bogorad's estate foot the estimated $400,000 renovation bill, which does not include amounts that arise from her other renovation-related claims.  Without this information, the ability of the Defendants to prepare their defense is severely impaired.

**B.**    **The Disputed Restrictions Run Afoul of the Federal Rules of Civil Procedure.**

The Defendants properly rejected the Disputed Restrictions.  There is currently no protective order in place – indeed, Plaintiff has not even moved for one – and negotiations to enter into a stipulated protective order have been in gridlock for months.  Moreover, the Rules enable the Plaintiff to discover any and all non-privileged appraisal documents.  The Rules do not contemplate the Defendants' absolute surrender of their work product as dictated by the Plaintiff's objection letter.

---

[3] Similarly, the real property appraisal will determine if the Plaintiff detrimentally relied on any alleged promise by Professor Bogorad to reimburse her in full for approximately $400,000, the estimated cost of the renovations to the Apartment.  Defendants expect that the value of the renovated Apartment will have increased significantly due to the booming New York City real estate market.

[4] Subsequent to Professor Bogorad's death, the Plaintiff executed the renovations contracts despite being informed that Professor Bogorad's estate would not pay for the renovations and that she should proceed at her own risk.

Fed. R. Civ. P. 26 governs the Defendants' obligations in discovery. Specifically, the Defendants intend to comply with their obligations to provide the Plaintiff with an expert's report, see Fed. R. Civ. P. 26(a)(2)(B), make the expert appraiser available for deposition, see Fed. R. Civ. P. 26(b)(4)(A) and (B), and supplement their disclosures or discovery responses as necessary, see Fed. R. Civ. P. 26(e)(1). The Defendants have already complied with Local Rule 26.4. Simply, the Disputed Restrictions are not contemplated by Fed. R. Civ. P. 26 and, thus, run afoul of the Rules.

### III.    CONCLUSION

The Defendants respectfully request that this Court compel the Plaintiff's compliance with the Defendants' Rule 34 Request. A real property appraisal of the Apartment is central to the defense and the Plaintiff has failed to provide any reason why the inspection should be further delayed. In addition, the Disputed Restrictions are unreasonable and exceed the scope of the Rules.

> KIKI BOGORAD-GROSS and
> LEONARD P. BOGORAD, as
> they are the Executors of the Will
> of Lawrence Bogorad,
>
> By their attorneys,

March 2, 2006

> /s/  Lisa M. Hodes
> Larry L. Varn (BBO # 508130)
> Lisa M. Hodes (BBO # 660444)
> SULLIVAN & WORCESTER LLP
> One Post Office Square
> Boston, Massachusetts 02109
> (617) 338-2800
> lvarn@sandw.com
> lhodes@sandw.com

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 2, 2006.

/s/  Lisa M. Hodes

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KATHLEEN P. MULLINIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | No. 04-12684-WGY |
| | ) | |
| KIKI BOGORAD-GROSS and | ) | |
| LEONARD P. BOGORAD, as They | ) | |
| Are Executors of the Will of | ) | |
| Lawrence Bogorad, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REQUEST FOR ENTRY UPON LAND FOR INSPECTION OF PREMISES

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants Kiki Bogorad-Gross and Leonard Bogorad, as the Executors of the Will of Lawrence Bogorad, hereby request that Plaintiff Kathleen P. Mullinix permit the Defendants, their counsel and/or Mitchell, Maxwell & Jackson, Inc., their designated representatives, entry upon her residential premises located at 1050 Fifth Avenue, Apartment 15B, in New York, New York on February 27, 2006 at 10:00 a.m. for the purposes of inspecting, measuring, surveying, photographing and videotaping the premises.

KIKI BOGORAD-GROSS and
LEONARD P. BOGORAD, as
they are the Executors of the Will
of Lawrence Bogorad

By their attorneys,

January 25, 2006

*Lisa M. Hodes*

Larry L. Varn (BBO # 508130)
Lisa M. Hodes (BBO # 660444)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
lvarn@sandw.com
(617) 338-2800

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Date: 1/25/2006

# EXHIBIT B

# Hodes, Lisa M.

| | |
|---|---|
| **From:** | Dineen Jerrett, Michelle L. [MDineenJerrett@choate.com] |
| **Sent:** | Thursday, February 16, 2006 2:40 PM |
| **To:** | Hodes, Lisa M. |
| **Cc:** | Kenna, Larry |
| **Subject:** | Mullinix - Rule 34 Notice restrictions |

Lisa-

As a follow-up to our conversation, I write respecting reasonable limitations to be placed on Defendants' Request for Entry Upon Land For Inspection of Premises.

1. Based on our conversation, I understand that you will agree that neither your clients nor their spouses will be present for the inspection. If I have misunderstood our conversation, please let me know immediately. We will not agree to have either of your clients or their spouses enter the premises, as their presence would serve no useful purpose.

2. If either you, Larry or other counsel from Sullivan & Worcester plan to be there, you must advise me of that fact immediately. If I don't hear from you, I will assume that the only person entering the apartment will be Chris Devine from Mitchell, Maxwell & Jackson and I will instruct my client not to permit any other individuals access to the apartment. If someone other than Mr. Devine is the Mitchell, Maxwell & Jackson representative, please provide me with the name of the individual who will be entering and inspecting the premises. Mr. Devine (or the other named individual) will be required to show identification before being allowed access to my client's apartment.

3. We will agree to have a representative from Mitchell, Maxwell & Jackson enter and inspect the premises for a total of one (1) hour.

4. You have indicated that the sole purpose of the inspection is to appraise the property. Accordingly, all actions during the inspection must be consistent with that purpose. During the entry and inspection, the Mitchell, Maxwell & Jackson representative is not to open cabinets, drawers, bureaus, closets, desks or other such areas. The representative may take measurements of the room sizes for purposes of appraising the property but may not take any other actions which would interfere with my client's privacy.

5. Mitchell, Maxwell & Jackson and its representative must sign the Agreement to Comply with Protective Order form attached to the most recent version of the draft stipulated protective order. Given our client's privacy interests, we intend to designate all materials relating to the appraisal as CONFIDENTIAL MATERIAL and Mitchell, Maxwell & Jackson and its representative, must sign the Agreement. Pending final negotiation and/or resolution of the Stipulated Protective Order, you agree that all appraisal materials, including photographs, written documents, reports, notes, memoranda, etc. will be treated as CONFIDENTIAL MATERIAL and shall not be viewed by anyone outside of counsel (i.e., you and Larry, and us), and the Mitchell, Maxwell & Jackson representative.

6. The Mitchell, Maxwell & Jackson representative will be permitted to take a reasonable, limited number of photographs of the premises, consistent with the purpose of appraising the property. Photographs will not be permitted, however, of areas or items which will invade my client's privacy interests. In addition, all photographs will be required to be produced to plaintiff's counsel, who reserves the right to object to any photograph that constitutes an invasion of my client's privacy. You, your clients, and Mitchell, Maxwell & Jackson agree that the photographs will be used solely for the purpose of appraising the apartment and for use in this litigation. All photographs (including originals, copies, negatives and/or digital media) will be treated as CONFIDENTIAL MATERIAL pursuant to the draft stipulated protective order. Accordingly, the photographs may not be used in any advertising or other public forum; their use must be consistent with, and solely related to, the pending litigation. At the conclusion of the litigation, all photographs (including originals and copies) and all negatives or digital media thereof will be given to plaintiff's counsel and no remaining originals, copies, negatives, or digital media of said photographs will remain with you, your clients, Mitchell, Maxwell & Jackson, or any other person or entity.

7. You, your clients, and Mitchell, Maxwell & Jackson agree that the appraisal of the apartment will be treated as CONFIDENTIAL MATERIAL pursuant to the draft stipulated protective order. Accordingly, neither the appraisal nor any

parts thereof, may be used in any advertising or other public forum; its use must be consistent with, and solely related to, the pending litigation. At the conclusion of the litigation, all documents reflecting the appraisal (including originals and copies) will be given to plaintiff's counsel and no remaining originals or copies will remain with you, your clients, Mitchell, Maxwell & Jackson, or any other person or entity.

8. No videotaping will be permitted as it is not contemplated by Federal Rule of Civil Procedure 34.

As I mentioned on the telephone, provided you agree to the above reasonable restrictions, we will agree to your proposed date and time of inspection as set forth in the notice. If you do not agree to the above reasonable restrictions, and we cannot reach an agreement with respect thereto, we will serve an objection to the notice and will not agree to allow any person to enter the premises until such time as an agreement on reasonable restrictions can be reached.

I look forward to hearing from you.

Michelle


*************************************
Michelle L. Dineen Jerrett, Esq.

|C|H|O|A|T|E|

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5261
f 617-248-4000
mdineenjerrett@choate.com
www.choate.com

---

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

3/2/2006

# EXHIBIT C

**Hodes, Lisa M.**

| | |
|---|---|
| **From:** | Hodes, Lisa M. |
| **Sent:** | Friday, February 17, 2006 11:24 AM |
| **To:** | 'Dineen Jerrett, Michelle L.' |
| **Cc:** | Varn, Larry |
| **Subject:** | Rule 34 Request for Entry Upon Land |

Michelle:

As a follow-up to your email, I am responding to your proposed limitations for our Rule 34 Request for Entry Upon Land.

As we discussed, Christopher Devine from Mitchell, Maxwell & Jackson will appraise the apartment, and neither our clients nor their spouses will attend. In addition, Larry and I will not be present. Mr. Devine has assured me that one hour should be plenty of time for the appraisal. As I have stated to you, this is a straight real property appraisal and Mr. Devine's conduct will be consistent with that purpose. However, Mr. Devine will be permitted to open closets in order to determine square footage or whether the closet's set-up contributes to the value of the apartment (i.e., if your client installed high-end shelving, such as California Closets, that would increase the value of the apartment). However, neither he nor we have any interest in your client's personal property.

Regarding paragraph 5, and consistent with our position throughout the negotiation of the protective order, we will not agree to your request to restrict access by our clients and their spouses to the appraisal materials. We will, of course, agree that the information is only for this case and will not be disseminated beyond them.

Regarding paragraph 6, we will agree that the photographs will be used only for the purposes of this litigation, but we will not agree to turn over the photographs and negatives--our work product--to you at the conclusion of this litigation. We will comply with our obligations under Fed. R. Civ. P. 26(a)(2)(B), 26(b)(4)(A) and 26(e)(1) and the applicable local rule if Mr. Devine is designated as a testifying expert. Unless and until that point, Fed. R. Civ. P. 26(b)(4)(B) governs.

This same argument supports our position regarding paragraph 7. We will agree that the appraisal will only be used for the purposes of this litigation, but we will not turn over our work product to you.

Finally, we will agree to still photographs only and no videotaping.

Thanks,
Lisa

**Lisa M. Hodes**
**Attorney At Law**

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T   617 338 2426
F   617 338 2880
lhodes@sandw.com
www.sandw.com

**BOSTON   NEW YORK   WASHINGTON, DC**

# EXHIBIT D

# CHOATE

CHOATE HALL & STEWART LLP

Michelle L. Dineen Jerrett
(617) 248-5261
mdineenjerrett@choate.com

February 23, 2006

**VIA HAND DELIVERY**

Lisa M. Hodes, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, Massachusetts 02109

**RE:**    **Mullinix v. Bogorad-Gross, et al.**

Dear Lisa:

As a follow-up to the various verbal and email communications regarding Defendants'
Request for Entry Upon Land for Inspection of Premises (the "Request"), this letter serves as
the Plaintiff's objection to that Request.  As you know, we proposed a number of reasonable
restrictions related to the Defendants' Request, as follows:

1.    Neither the Defendants nor their spouses will be present for the inspection, as their
presence would serve no useful purpose;

2.    I requested a list of the people who would be at the appraisal.  You indicated that the
only person would be Chris Devine from Mitchell, Maxwell & Jackson.  I requested
that Mr. Devine be prepared to show identification and also indicated that I would
instruct my client not to permit any other individuals access to the apartment;

3.    The entry and inspection would last no longer than one (1) hour;

4.    As you previously have indicated that the sole purpose of the inspection is to appraise
the property, all actions during the inspection must be consistent with that purpose.
During the entry and inspection, Mr. Devine is not to open cabinets, drawers, bureaus,
closets, desks or other such areas.  Mr. Devine may take measurements of the room
sizes for purposes of appraising the property but may not take any other actions which
would interfere with my client's privacy;

5.    Mitchell, Maxwell & Jackson and Mr. Devine must sign the Agreement to Comply
with Protective Order form attached to the most recent version of the draft stipulated
protective order. Given our client's privacy interests, I indicated that we intend to
designate all materials relating to the appraisal as CONFIDENTIAL MATERIAL and

4048365_1.DOC

Letter to Lisa M. Hodes
February 23, 2006
Page 2

Mitchell, Maxwell & Jackson and Mr. Devine, must sign the Agreement. Pending final negotiation and/or resolution of the Stipulated Protective Order, you agree that all appraisal materials, including photographs, written documents, reports, notes, memoranda, etc. will be treated as CONFIDENTIAL MATERIAL and shall not be viewed by anyone outside of counsel (*i.e.*, the two of you and us), and Mr. Devine;

6.      Mr. Devine will be permitted to take a reasonable, limited number of photographs of the premises, consistent with the purpose of appraising the property. Photographs will not be permitted, however, of areas or items which will invade my client's privacy interests. In addition, all photographs will be required to be produced to plaintiff's counsel, who reserves the right to object to any photograph that constitutes an invasion of my client's privacy. You, the Defendants, and Mitchell, Maxwell & Jackson agree that the photographs will be used solely for the purpose of appraising the apartment and for use in this litigation. All photographs (including originals, copies, negatives and/or digital media) will be treated as CONFIDENTIAL MATERIAL pursuant to the draft stipulated protective order. Accordingly, the photographs may not be used in any advertising or other public forum; their use must be consistent with, and solely related to, the pending litigation. At the conclusion of the litigation, all photographs (including originals and copies) and all negatives or digital media thereof will be given to plaintiff's counsel and no remaining originals, copies, negatives, or digital media of said photographs will remain with you, the Defendants, Mitchell, Maxwell & Jackson, or any other person or entity.

7.      You, the Defendants, and Mitchell, Maxwell & Jackson agree that the appraisal of the apartment will be treated as CONFIDENTIAL MATERIAL pursuant to the draft stipulated protective order. Accordingly, neither the appraisal nor any parts thereof, may be used in any advertising or other public forum; its use must be consistent with, and solely related to, the pending litigation. At the conclusion of the litigation, all documents reflecting the appraisal (including originals and copies) will be given to plaintiff's counsel and no remaining originals or copies will remain with you, the Defendants, Mitchell, Maxwell & Jackson, or any other person or entity.

8.      No videotaping will be permitted as it is not contemplated by Federal Rule of Civil Procedure 34.

The next day, you responded via email as follows:

As a follow-up to your email, I am responding to your proposed limitations for our Rule 34 Request for Entry Upon Land.
As we discussed, Christopher Devine from Mitchell, Maxwell & Jackson will appraise the apartment, and neither our clients nor their spouses will attend. In addition, Larry and I will not be present. Mr. Devine has assured me that one

Letter to Lisa M. Hodes
February 23, 2006
Page 3

hour should be plenty of time for the appraisal. As I have stated to you, this is a
straight real property appraisal and Mr. Devine's conduct will be consistent with
that purpose. However, Mr. Devine will be permitted to open closets in order to
determine square footage or whether the closet's set-up contributes to the value of
the apartment (i.e., if your client installed high-end shelving, such as California
Closets, that would increase the value of the apartment). However, neither he nor
we have any interest in your client's personal property.

Regarding paragraph 5, and consistent with our position throughout the
negotiation of the protective order, we will not agree to your request to restrict
access by our clients and their spouses to the appraisal materials. We will, of
course, agree that the information is only for this case and will not be
disseminated beyond them.

Regarding paragraph 6, we will agree that the photographs will be used only for
the purposes of this litigation, but we will not agree to turn over the photographs
and negatives--our work product--to you at the conclusion of this litigation. We
will comply with our obligations under Fed. R. Civ. P. 26(a)(2)(B), 26(b)(4)(A)
and 26(e)(1) and the applicable local rule if Mr. Devine is designated as a
testifying expert. Unless and until that point, Fed. R. Civ. P. 26(b)(4)(B) governs.
This same argument supports our position regarding paragraph 7. We will agree
that the appraisal will only be used for the purposes of this litigation, but we will
not turn over our work product to you.

Finally, we will agree to still photographs only and no videotaping.

Given that the parties have not reached a complete agreement regarding the entry and
inspection of the Apartment, the Plaintiff hereby objects to your request.

Please let me know if you will reconsider your position on the remaining proposed restrictions.
Should you have any questions, please do not hesitate to call.

Sincerely,

Michelle L. Dineen Jerrett

cc:    Larry C. Kenna
       Sara E. Solfanelli, Esq.

4048365_1.DOC