UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| KATHLEEN P. MULLINIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-12684-WGY |
| | ) |
| KIKI BOGORAD-GROSS and LEONARD P. | ) |
| BOGORAD, As They Are Executors of the Will of | ) |
| Lawrence Bogorad, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING THE DISCLOSURE AND USE OF CONFIDENTIAL DOCUMENTS AND OTHER CONFIDENTIAL INFORMATION

Plaintiff, Kathleen P. Mullinix ("Mullinix" or the "Plaintiff"), hereby moves this Court, pursuant to Federal Rule of Civil Procedure 26(c), for entry of the Protective Order Governing the Disclosure and Use of Confidential Documents and Other Confidential Information attached hereto as Exhibit 1. The Defendants have refused to agree to the terms of a Protective Order in this case for the sole reason that they unreasonably insist that Confidential Information be made available to the Defendants' spouses, who, though they happen to be attorneys, have not entered appearances in this case and indeed likely cannot do so since they have been identified as potential fact witnesses by the Defendants.

The attached Protective Order will allow the parties to conduct discovery, with the assurance that their highly-sensitive, private, confidential information will remain protected. Since the Defendants obstinately refuse to agree to a stipulated protective order, the Plaintiff is

forced to ask this Court to enter the attached Protective Order Governing the Disclosure and Use of Confidential Documents and Other Confidential Information.

This Motion is supported by Plaintiff's Memorandum of Law in Support of her Motion for a Protective Order Governing the Disclosure and Use of Confidential Documents and Other Confidential Information.

Respectfully submitted,

KATHLEEN P. MULLINIX,
By her attorneys,

/s/ Michelle L. Dineen Jerrett
Larry C. Kenna (BBO # 267760)
Michelle L. Dineen Jerrett (BBO #634930)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
Tel: (617) 248-5000

Date:   March 6, 2006

## FEDERAL RULE 26(c) AND LOCAL RULES 7.1(A)(2) AND 37.1 CERTIFICATE

Counsel for Kathleen P. Mullinix certifies that she has made a good faith effort to resolve this dispute without court intervention. Counsel for the parties have exchanged emails and have had multiple telephone conferences but have been unable to reach an agreement with respect to the issues contained herein.

/s/ Michelle L. Dineen Jerrett
Michelle L. Dineen Jerrett

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2006, a copy of Plaintiff's Motion for Protective Order Governing the Disclosure and Use of Confidential Documents and Other Confidential Information was served by email and first-class mail upon the attorney of record for the defendants.

/s/ Michelle L. Dineen Jerrett
Michelle L. Dineen Jerrett

4051279_1.DOC

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN P. MULLINIX,            )
                                 )
         Plaintiff,              )
                                 )
         v.                      )  Civil Action No. 04-12684-WGY
                                 )
KIKI BOGORAD-GROSS and LEONARD P. )
BOGORAD, As They Are Executors of the Will of )
Lawrence Bogorad,                )
                                 )
         Defendants.             )
                                 )

**PROTECTIVE ORDER GOVERNING THE DISCLOSURE AND USE OF
CONFIDENTIAL DOCUMENTS AND OTHER CONFIDENTIAL INFORMATION**

This order is entered on Plaintiff's motion for a protective order. Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds there is a possibility that confidential information which may be entitled to protection may be disclosed during the course of this action. Plaintiff, Kathleen P. Mullinix, having moved for the entry of a Protective Order with the terms hereof, the Court Orders as follows:

    1.    <u>Definitions</u>. The following terms are defined for purposes of this Protective Order:

        a.    The term "Confidential Information" shall refer to any information exchanged in discovery in this action which would be protected from disclosure by the attorney-client privilege or the attorney work product doctrine. "Confidential

1

Information" shall also refer to financial information, including tax returns and financial statements produced by the parties or by non-parties, which may reasonably be deemed to be subject to protection pursuant to Federal Rule of Civil Procedure 26(c).

    b.    The term "Person" or "Persons" shall mean any individual, corporation (including any affiliate thereof), partnership, joint venture, or other legal entity, domestic or foreign.

    c.    The term "party" or "parties" shall mean Kathleen P. Mullinix, Kiki Bogorad-Gross and/or Leonard P. Bogorad.

    d.    The term "counsel" shall mean those attorneys who represent a Party to this case and who have filed a Notice of Appearance with the court reflecting such representation.

2.    <u>Terms of Protective Order</u>.  Any party may designate all or portions of any Confidential Information, whether materials or documents, revealed by such party during the course of this action, including, but not limited to, interrogatory answers, admissions, documents, transcripts, testimony and/or demonstrative materials, for confidential treatment pursuant to this Order, provided such designation is made in good faith, as follows:

    a.    With respect to all documents other than computer tapes or disks or other machine readable material, by marking each of the relevant pages of each document "CONFIDENTIAL."

    b.    With respect to computer tapes or disks and other machine readable material, by marking the reel or other container containing such material "CONFIDENTIAL."

  c. With respect to information disclosed, referred to or produced at depositions, hearings or trial, such information may be designated as confidential by indicating on the record at such deposition, hearing or trial that the testimony or information is Confidential Information or subject to the provisions of this Order.  A party may also designate information disclosed at a deposition, hearing or trial as Confidential Information by notifying all parties in writing within thirty (30) days of receipt of the transcript of the specific pages of the transcript which are confidential.  All depositions, hearings and trials, and transcripts thereof, shall be automatically treated as confidential in their entirety for a period extending from the date thereof to thirty (30) days after a full and complete transcript of same is made available.

  d. With respect to Confidential Information disclosed, referred to or produced in a party's answers to interrogatories, responses to requests for production or responses to requests for admission, by marking each of the relevant pages of each document "CONFIDENTIAL."

  e. This Protective Order shall be without prejudice to the right of any Party to oppose production of any information on grounds other than confidentiality.

  f. Notwithstanding the provisions of this section, the designation of any information, materials or documents as "Confidential Information" by any party may be challenged by motion to the Court with notice to all parties.

3. <u>Documents Produced by Non-Parties.</u>  Any Party to this action may designate any documents or other materials provided by any non-party during the course of discovery in this action as "Confidential" and subject to the terms and conditions of this Protective Order.

4. <u>Challenge to Confidential Designation.</u> A party shall not be obligated to challenge the propriety of a designation of a document or Confidential Information as confidential at the time such designation is made, and failure to do so shall not preclude a subsequent challenge to the designation or constitute any admission of confidentiality. In the event a party objects to the designation of a document or information as Confidential Information, the parties first shall attempt to resolve their disagreement in good faith and informally. If unsuccessful, a party then may seek relief from this Court. The designating party shall have the burden of demonstrating that the document or information at issue is, in fact, Confidential Information and deserves protection as such under the terms of this Order. Pending such determination by this Court, the document or information at issue shall be treated as confidential under the terms of this Order.

5. <u>Use of Confidential Information</u>. Confidential Information may be used only for the purpose of conducting the present litigation, and as set forth in paragraph 5 hereunder, and may be disclosed to the following Persons only:

    a. Counsel of record for the parties and their law firm partners, associates, paralegals, and clerical and secretarial personnel (including law clerks in their employ), provided that such individuals are provided copies of, read, and are otherwise informed of their duty to abide by this Order.

    b. Court personnel, as required in proceedings in this action.

    c. Court reporters actually recording proceedings in this action.

      d.      Confidential Materials may be viewed by the Plaintiff or Defendant only if, prior to viewing Confidential Materials, the Plaintiff or Defendant signs, dates, and delivers to the other party an assurance in the following form:

> I hereby acknowledge that I am to review information and/or documents designated as Confidential Materials pursuant to the terms of the Protective Order dated _____, 2006 in the case of <u>Kathleen P. Mullinix v. Kiki Bogorad-Gross and Leonard P. Bogorad, As They Are Executors of the Will of Lawrence Bogorad</u>, C.A. No. 04-12684-WGY. I acknowledge receipt of a copy of that Protective Order, and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein.

      e.      Any consultant, or expert witness, testifying or non-testifying, engaged by a Party to work on this matter, provided that each such individual has signed prior to any disclosure the attached <u>Agreement to Comply with Protective Order</u> (which agreement shall be retained by the counsel of record for the party so disclosing the information), and subject to the following conditions. Prior to disclosing Confidential Information to Persons who are described in this subparagraph 5.e., all attorneys of record shall be served by the disclosing party with a notice stating:

      (1)      the name and business address of the Person to whom such disclosure is to be made;

      (2)      the name and address of such Person's employer; and

      (3)      such Person's position with, and a description of the business engaged in by, said employer.

All notices sent hereunder shall be sent by overnight mail, or by facsimile transmission to the counsel of record for the other party. No Confidential Information

shall be disclosed to any such Person described in this subparagraph 5.e. prior to the fifth business day after such notice is sent. Any party who wishes to challenge the disclosure of Confidential Information to such Person shall so notify all parties by serving a Statement of Intent to Move for Protective Order ("Statement") within such five business day period and shall file an appropriate motion for protective order within five business days after serving such Statement. If any party timely serves such a Statement and files such a motion, no Confidential Information shall be disclosed to the Person until the motion for protective order is ruled upon by this Court.

    f.    During the course of a deposition, to non-party deponents and their counsel, only to the extent that provision of the Confidential Information is necessary to the deponent and/or the deposition, and provided that such deponents and their counsel are first advised on the record that the deposition is being taken pursuant to a protective order, are advised that the deponent and his counsel are subject to the terms of the protective order, and a true and correct copy of the protective order is furnished to the non-party deponent and his counsel. If any Party objects to the furnishing of the Confidential Information during the deposition, that portion of the deposition will be designated Confidential and will be treated as such in accordance with the Protective Order until the procedures for challenging or removing a Confidential designation have been satisfied.

    g.    Once produced, Confidential Information shall not be disclosed to any Person or in any manner not authorized by this order.

6. <u>Use of Confidential Information in Court Filings</u>. Confidential Information identified and marked in accordance with this Protective Order may be filed with the Court or included in whole or in part in pleadings, motions, transcribed testimony, briefs or other filings, without prior approval from the Court, so long as it is filed under seal, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, the words "Confidential Filed Under Seal," and a statement substantially in the following form:

> This envelope contains documents or things that are filed under a Protective Order. It shall not be opened or released from the custody of the Clerk of Court except by order of the Court.

7. <u>Use of Confidential Information in Motions and at Hearings or Trial</u>. In the event that any Confidential Information is used in any trial or hearing, or in support of or in opposition to any motion, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

8. <u>Control of Confidential Information</u>. In addition to the general restrictions on use and disclosure set forth hereinabove, Confidential Information provided to a party shall be treated by the receiving party with no less protection than the receiving party affords to its own information which it considers confidential.

9. <u>Failure to Designate Information "Confidential."</u> The parties recognize that as former clients/former attorneys, much of the information exchanged during the course of discovery is likely to be protected from disclosure to third parties by the attorney-client privilege and/or the attorney work product doctrine. The parties agree that disclosure of such information during this action, use of the information exchanged during discovery, and use of their own information will not abrogate any applicable privilege. The failure to designate such information

7

"Confidential" and subsequent disclosure to persons described in paragraph 4 herein will not abrogate any applicable privilege.

10. <u>Full Force and Effect</u>. This Protective Order shall remain in full force and effect unless and until (and to the extent not) modified, superseded, or terminated by written consent of the parties or by further order of this Court. Either party may move the Court at any time to modify, amend or terminate this Protective Order, or the parties may modify or amend the terms hereof by agreement in writing.

11. <u>Disposition of Confidential Information</u>. Within forty-five days after filing a stipulation or entry of an order, judgment, or decree finally terminating this action and the expiration of any appeal period therefrom, each party to whom Confidential Information has been disclosed hereunder, shall return all such Confidential Information, including all copies of such material, to the party that first produced it in this action, or shall certify in writing to counsel for the opposing party that all such Confidential Information in its possession, custody or control has been destroyed.

Notwithstanding the foregoing provisions of this paragraph, upon the final determination of this action, counsel for each party to this Protective Order shall be entitled to maintain any work product material containing Confidential Information in their files, provided that no disclosure of such work product is made to anyone not engaged with or employed by said counsel in the practice of law.

12. <u>Right to Seek Greater Protection</u>. Nothing in this Protective Order shall prevent any party from seeking, by motion or agreement, greater protection for especially sensitive material in appropriate circumstances.

13. <u>Voluntary Disclosures</u>. Nothing contained herein shall prevent a party from providing his or its own Confidential Information to such persons as he or it may choose, subject to such procedures as he or it deems necessary to protect the confidentiality of the information contained therein. Further, nothing contained herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as confidential consents in writing in advance to such disclosure.

14. <u>Additional Parties</u>. Individuals or entities not parties to this action may, in the course of discovery, produce or disclose information which they consider non-public and commercially sensitive. These non-parties may secure the protections of this Protective Order by signing a copy hereof and agreeing to be bound by its terms and obligations.

15. <u>Jurisdiction Retained by the Court</u>. After the final disposition of this action, this Protective Order (to the extent it is still in effect) shall continue to bind all Persons to whom Confidential Information is disclosed hereunder and this Court shall retain jurisdiction to enforce the provisions of same. Any person to whom Confidential Material is disclosed shall be subject to the jurisdiction of this Court for purposes of determining, assuring and adjudging such person's compliance with this Order; said jurisdiction shall survive the termination of this action.

16. <u>Sanctions</u>. Any party or person subject to this Order who violates its provisions shall be liable for contempt of court and damages for any injuries or loss suffered by the producing party as a result of such violation. The Court shall retain jurisdiction to consider imposing sanctions on any person or entity granted access to Confidential Information who uses or discloses such information for any purpose other than as provided or permitted by the terms of this Protective Order.

SO ORDERED this _____ day of March, 2006.

_____
The Honorable William G. Young

10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN P. MULLINIX, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KIKI BOGORAD-GROSS and LEONARD P. )<br>BOGORAD, As They Are Executors of the Will of )<br>Lawrence Bogorad, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-12684-WGY |

## AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

The undersigned deposes and states as follows:

I, _____, do hereby acknowledge that I have been provided with a copy of the Protective Order Governing The Disclosure And Use Of Confidential Documents And Other Confidential Information (the "Protective Order").

I have read and understand the Protective Order and I hereby acknowledge that I am bound by it and agree to abide by it. I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Protective Order, and agree to subject myself to the jurisdiction of the United States District Court for the District of Massachusetts the purpose of enforcing the Protective Order.

_____

11