UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN P. MULLINIX,

   Plaintiff,

   v.

KIKI BOGORAD-GROSS and LEONARD P.
BOGORAD, As They Are Executors of the Will of
Lawrence Bogorad,

   Defendants.

Civil Action No. 04-12684-WGY

## PLAINTIFF KATHLEEN P. MULLINIX' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH DEFENDANTS' RULE 34 REQUEST FOR ENTRY UPON LAND

### I. Introduction

Plaintiff Kathleen P. Mullinix ("Mullinix" or the "Plaintiff"), by and through her counsel,

hereby submits this opposition to Defendants' Motion to Compel Plaintiff's Compliance with

Defendants' Rule 34 Request for Entry Upon Land (the "Motion"). The Motion should be denied

because the Plaintiff has already agreed to allow the requested entry so long as three reasonable

requests, which seek to preserve the Plaintiff's legitimate privacy interests in her home and in no

way burden or hinder the Defendants discovery efforts, are respected. See Proposed Order, attached

hereto as Exhibit 1. The Defendants have refused to agree to these reasonable limitations.

The Defendants erroneously claim that the Plaintiff's proposed restrictions "run afoul of the

Federal Rules of Civil Procedure." See Defendants' Memorandum of Law in Support of

Defendants' Motion to Compel Plaintiff's Compliance with Defendants' Rule 34 Request for Entry

4055802v2

Upon Land ("Defendants' Mem.") at p. 1. Moreover, the Defendants claim that they are unable to

adequately prepare for trial because of "Plaintiff's failure to permit the Defendants' requested

inspection." See id. The Plaintiff has at no time absolutely refused to permit an inspection. Rather,

the Plaintiff's proposed restrictions seek only to prohibit the Defendants' unreasonable and

illegitimate attempts to invade her privacy. Finally, the Defendants also have acknowledged that

they would be bound to disclose many, if not all, of the appraisal materials as part of their expert

discovery obligations, including photographs and other appraisal documents, pursuant to Federal

Rules of Civil Procedure 26. Notwithstanding this acknowledgement, the Defendants erroneously

claim that the attorney work-product ("AWP") doctrine protects photographs and the appraisal

materials from being relinquished to the Plaintiff at the close of this case.

As discussed in more detail below, the limitations proposed by the Plaintiff to which the

Defendants have refused to agree pertain to three areas: (1) the expert signing the Agreement to

Comply with Protective Order form attached to the Protective Order Governing Disclosure and Use

of Confidential Documents and Other Confidential Information (the "Confidentiality Agreement"),

which the Court allowed on March 7, 2006, (2) treatment of the photographs and other appraisal

materials relating to the Plaintiff's Apartment as "Confidential Information" pursuant to the

Confidentiality Agreement, and (3) turning over all such photographs, negatives or other digital

images, and appraisal materials to Plaintiff's counsel at the close of the litigation. Defendants'

Motion is nothing more than a blatant attempt to invade the Plaintiff's legitimate privacy interests in

her home, and to share the fruits of this attempt with non-parties to this case, specifically, the

Defendants' spouses. As this Court has already concluded in its granting of the Plaintiff's Motion

for Entry of a Protective Order Governing Disclosure and Use of Confidential Documents and

Other Confidential Information, the Defendants' spouses have no legitimate need for access to

2

Confidential Information in this case, and information in the form of photographs and appraisal materials undoubtedly fall into such a category.

## II.    Factual Background[1]

As Defendants have repeatedly conceded in their various pleadings with the Court, there is no dispute that the Plaintiff and Bogorad were involved in a long-term romantic relationship, spanning over two decades.[2]  During the course of this long-term romantic relationship, Bogorad committed to paying for certain costs related to the Plaintiff's purchase of a co-operative apartment located at 1050 Fifth Avenue in New York City (the "Apartment").

It is undisputed that the Apartment is the Plaintiff's private home and that she lives there alone.  The Apartment underwent extensive renovations after the Plaintiff purchased it, and during the time period of those renovations, the Plaintiff first lived with Bogorad in his home in Lexington, Massachusetts (the "Lexington Home"), and then in a furnished apartment in New York when the Defendants notified the Plaintiff of their intent to sell the Lexington Home after Bogorad's death. The Plaintiff has maintained the Apartment as her exclusive residence, however, since in or about November 2004, after the renovations to the Apartment were complete.

## III.    Procedural History

On or about January 25, 2006, the Defendants served a request pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Rule 34 Request"), purportedly to conduct a real property appraisal of the Apartment.  See Defendants' Rule 34 Request, attached hereto as Exhibit 2.  On or

---

[1]    The pertinent factual background has been set forth in both the Plaintiff's Opposition to Defendants' Motion for Protective Order and the Plaintiff's Motion for Entry of a Protective Order Governing Disclosure and Use of Confidential Documents and Other Confidential Information, which are incorporated herein by reference.

[2]    Although the Defendants' repeatedly characterize the Plaintiff as Bogorad's "mistress," the facts suggest that from at least 1998 until the date of Borograd's death, the relationship between the two was akin to husband and wife. They lived together as if husband and wife, traveled together and attended family functions together. Much as the Defendants would like to minimize the importance of the relationship, and of the Plaintiff, to Bogorad's life, they simply cannot do so.

about February 16, 2006, the Plaintiff, through her counsel, verbally and then by follow-up email to

Defendants' counsel, proposed a limited number of reasonable, narrowly-tailored limitations on the

Rule 34 Request. See Email from Michelle L. Dineen Jerrett to Lisa M. Hodes dated February 16,

2006 (attached hereto as Exhibit 3). Among those limitations, the Plaintiff sought (1) to limit

access to her home to those individuals whose presence would serve a useful purpose;[3] (2)

identification of the individuals who would be present during the inspection and notified

Defendants' counsel that proper identification would need to be shown prior to the Plaintiff

permitting access to her home; (3) a time limitation of one hour, which Plaintiff believes is more

than adequate to conduct a real estate appraisal; (4) assurances that the nature of and conduct during

the inspection would be consistent with a real estate appraisal, and limitations consistent therewith;

(5) to have the Defendants' expert(s) sign the Agreement to Comply with Protective Order form that

was appended to the draft Confidentiality Agreement to which the Defendants had refused to

agree;[4] (6) limitations on the number and type of photographs to be taken by the appraiser,

production of all photographs so taken so that the Plaintiff could object to any photographs which

constituted an invasion of her privacy, designation of the photographs as "Confidential Information"

pursuant to the draft confidentiality agreement, use of the photographs solely for appraising the

Apartment and use in the litigation, and relinquishment of all photographs, negatives, and/or digital

---

[3]       As set forth in greater detail in Plaintiff's Memorandum in Support of her Motion for Entry of a Protective
Order Governing Disclosure and Use of Confidential Documents and Other Confidential Information, the Defendants
repeatedly have tried to characterize their spouses as either attorneys in this case or include them as non-parties who
nevertheless have an interest in access to confidential information. Given these tactics, the Plaintiff indicated she would
not agree to have either the Defendants or their spouses enter her private home during the purported inspection, as their
presence would serve no useful purpose. See Exhibit 3 at Limitation #1.

[4]       The Plaintiff also proposed limiting access to the photographs and other appraisal materials to counsel only
(i.e., not the parties or their spouses) pending final resolution of the confidentiality agreement, as had been the prior
agreement between counsel for previously produced documents containing "Confidential Information." The Defendants
objected to this proposal, notwithstanding the parties' prior agreement respecting this issue. As noted above, the Court
recently granted the Plaintiff's Motion respecting the Confidentiality Agreement, thereby restricting access by the
Defendants' spouses to "Confidential Information."

4

images to counsel for the Plaintiff at the conclusion of the litigation; (7) designation of the other appraisal materials as "Confidential Information" pursuant to the draft confidentiality agreement, use of the photographs solely for use in the litigation, and relinquishment of all copies of the appraisal materials to counsel for the Plaintiff at the conclusion of the litigation; and (8) to prohibit any videotaping of the Plaintiff's Apartment.

The next day, the Defendants responded to the proposed limitations, agreeing to some, including those which defined the scope of the Rule 34 Request and which sought compliance with the language of Federal Rule of Civil Procedure 34, but not agreeing to others principally designed to protect the Plaintiff's legitimate privacy interests. See Email from Lisa M. Hodes to Michelle L. Dineen Jerrett dated February 17, 2006 (attached hereto as Exhibit 4). On or about February 23, 2006, when the parties were unable to reach an agreement with respect to the Rule 34 Request, the Plaintiff sent a formal objection to the request. See Letter from Michelle L. Dineen Jerrett to Lisa M. Hodes dated February 23, 2006 (attached hereto as Exhibit 5).

## IV.    Argument

The Court may impose reasonable restrictions on the Defendants' Rule 34 Request. See Belcher v. Bassett Furniture Indus., Inc., 588 F.2d 904, 907-08 (4th Cir. 1978) (denying Rule 34 request because it was too broad and the requesting party failed to show necessary need). The Defendants failed to offer any evidence that going forward with the Rule 34 Request as proposed by the Plaintiff would in any way cause undue burden or prejudice to the Defendants. See id.; Williams v. Greenlee, 210 F.R.D. 577, 579 (N.D. Tex. 2002) (the court must balance the competing interests of allowing discovery and protecting the parties from undue burdens). Conversely, the Plaintiff's requests are reasonably limited to protect her legitimate privacy interests, which would be invaded if the Rule 34 Request were to go forward as the Defendants demand. The Defendants

5

4055802v2

assert that they may invoke AWP protection and, thus, are not required to abide by the Plaintiff's

minimal and reasonable requests. The Defendants may not justify their refusal to go forward with

discovery based upon AWP, however, because the materials are not protected by AWP and they

have indisputably forfeited any such protection.

**A.    The Plaintiff's Proposed Limitations are Reasonable and Narrowly Tailored to Protect her Legitimate Privacy Interests in her Home.**

It is undisputed that, under both Massachusetts and New York law, the Plaintiff has a

legitimate privacy interest in her home and its contents. See Commonwealth v. Balicki, 436 Mass.

1, 12 n.14 (2002); Anobile v. Pelligrino, 303 F.3d 107, 119-20 (2d Cir. 2002). In an effort to

protect this legitimate interest, the Plaintiff through her counsel proposed, both orally and in

writing, a number of reasonable, narrowly tailored limitations to the Defendants' Rule 34 Request.

See Exhibit 1; Exhibit 3.

The Apartment is not simply a piece of real estate. It is the Plaintiff's home. Although the

Plaintiff concedes that the Apartment is part of the subject-matter of this lawsuit, the fact remains

that it is her personal residence and she has a reasonable expectation of privacy therein. Even in the

face of the Defendants' Rule 34 Request which sought virtually unfettered access to the Apartment

"for the purposes of inspecting, measuring, surveying, photographing and videotaping the

premises," see Exhibit 2, the Plaintiff did not seek to prohibit any such inspection entirely.[5] Rather,

---

[5]    Accordingly, the Defendants' claim that they "are unable to adequately prepare for trial" is unfounded.
Although the Plaintiff denies the validity of any claim by the Defendants that the real property appraisal will determine
the extent of her damages, she has at no time refused to permit an inspection entirely. In addition, the Plaintiff denies
that an inspection of the Apartment is necessary for the Defendants to determine whether she "executed plans to install
various amenities, such as a customized shower, that were tailored for Professor Bogorad's needs." See Mem. at p. 5.
First, Bogorad's commitments respecting the Apartment were at no time contingent upon the Plaintiff agreeing to install
particular amenities tailored to his needs. Second, even if the amenities in the Apartment were relevant to the
Defendants' case, the Defendants have deposed the Plaintiff and have asked her questions related to the amenities or
proposed amenities that were tailored to Bogorad's needs. If the Defendants seek some additional proof of the
Plaintiff's deposition responses to those questions, they could have requested – *but have not done so* – photographs of
the shower that was installed in the Apartment and any other amenities, or proposed amenities, they deem important.

6

4055802v2

the Plaintiff proposed limitations designed to (1) define the scope of the Rule 34 Request; (2) ensure

that the Defendants' request complied with the language of Federal Rule of Civil Procedure 34; and

(3) protect the Plaintiff's legitimate privacy interest in her home.[6]  It is within a party's right to

request reasonable limitations on a Rule 34 requests.  See Belcher, 588 F.2d at 907-08.

First, the Plaintiff sought to clarify the scope of the Rule 34 Request by inquiring of counsel

for the Defendants as to the nature of the proposed entry.  When counsel indicated that the purpose

was for a real estate appraisal, the Plaintiff tailored her proposed limitations to be consistent with

that purpose and sought assurances from the Defendants – and their purported expert – that such

limitations would be respected.  Although the Defendants' Memorandum indicates that

"Defendants' counsel has assured Plaintiff's counsel orally and in writing that any and all appraisal

documents will be used solely for the purposes of this litigation," see Mem. at p. 4, n.2, given the

Defendants' repeated shenanigans respecting the role of their spouses in this litigation,[7] the Plaintiff

is forced to question whether such assurances are enough.

Second, the Plaintiff's proposed limitations sought compliance with Rule 34.  Specifically,

the Plaintiff sought to preclude videotaping of her private residence as videotaping is not

contemplated by rule 34.  See Fed. R. Civ. P. 34.  Interestingly, the Defendants claim that the

*limitations* run afoul of the Federal Rules of Civil Procedure.

Third, the Plaintiff's proposed limitations sought to ensure that her legitimate privacy

interests in her home not be unreasonably invaded by the Defendants' proposed entry and

inspection.  To that end, the Plaintiff proposed limitations on (1) the persons to whom access would

---

[6]      The Defendants' Memorandum implies that the Plaintiff's privacy interest was conveyed only orally.  See
Mem. at p. 4, n.2.  To the contrary, the proposed limitations expressly reference a number of times the Plaintiff's
privacy interest as the reason for particular limitations.  See Exhibit 3.
[7]      These shenanigans are set forth in greater detail in the Plaintiff's Memorandum in Support of her Motion for
Entry of a Protective Order Governing Disclosure and Use of Confidential Documents and Other Confidential
Information.

7

4055802v2

be permitted (and indicated that proper identification be shown prior to permitting entry so as to ensure her safety), (2) the actions of the appraiser (such that they would be consistent with a real estate appraisal and that her personal, private belongings in bureaus, etc. would not be disturbed), (3) the time permitted for the inspection, (4) the number and use of photographs, and (5) the use of the photographs and other appraisal materials. Although the Defendants agreed to a number of these proposed limitations, they unreasonably refused to agree to limitations respecting (1) the appraiser signing and agreement respecting the confidentiality of the photographs and other appraisal materials, (2) treatment of the photographs and appraisal materials as "Confidential Information" pursuant to the draft confidentiality agreement, and (3) treatment of the photographs and other appraisal materials post-litigation.

With respect to the first two issues, the Defendants offered no explanation as to why the real estate appraiser -- the same individual previously designated by the Defendants as an expert in this case -- should not be required to sign the Agreement to Comply with Protective Order form. Their only objection appears to be that the Defendants' spouses would not have access to the photographs and other appraisal materials that the Plaintiff already has indicated an intention to designate as "Confidential Information." As discussed, *infra*, this is yet another example of the Defendants' continued shenanigans respecting the role of their spouses -- identified by them as fact witnesses in this case -- behind the scenes in this litigation. Given that the Court has entered the Confidentiality Agreement thereby ruling that the Defendants' spouses are not entitled to access to Confidential Information, the Plaintiff is hopeful that this continued game playing will not occur and asserts that the Defendants' objection to her proposed limitations on this basis is moot.

With respect to the third issue, the Defendants have asserted that the AWP doctrine protects the photographs and other appraisal materials from being turned over to counsel for the Plaintiff at

8

the conclusion of this litigation. As set forth in more detail below, this assertion reveals an essential -- and very basic -- misunderstanding of the AWP doctrine.

**B.    The Attorney Work Product Doctrine Does Not Encompass Photographs or Other Materials Produced Pursuant to Federal Rule of Civil Procedure 26.**

The Defendants claim that photographs and other appraisal materials constitute AWP materials and that the Plaintiff's proposed limitation requiring all photographs, negatives and/or digital images, and all appraisal materials to be turned over to counsel for the Plaintiff at the conclusion of this litigation is not contemplated by the Federal Rules of Civil Procedure. These claims suffer from two fatal flaws.

First, photographs of the Plaintiff's Apartment, even if taken by the Defendants' expert and at the Defendants' instruction, should not be protected by AWP. Not all items created in anticipation of litigation are protected by AWP. See Lora v. Bd. of Education of the City of New York, 74 F.R.D. 565, 577 (E.D.N.Y. 1977) (work product protection does not always prevent discovery of materials).

Second, contrary to the Defendants' assertion, Federal Rule of Civil Procedure 26 does not absolutely prohibit the discovery of AWP materials. Even if photographs could be considered AWP materials, an attorney waives AWP protection by disclosure of those materials to an adversary. See Pittman v. Frazer, 129 F.3d 983, 987-88 (8th Cir. 1997); U.S. v. Massachusetts Institute of Technology, 129 F.3d 681, 687 (1st Cir. 1997) ("disclosure to an adversary . . . forfeits work product protection"); In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993) ("the voluntary disclosure of work product to an adversary waives the privilege"); In re Chrysler Motors Corp., 860 F.2d 844 (8th Cir. 1988) (party waived its claim of work product by voluntarily disclosing a computer tape to its adversary). The Defendants have acknowledged that they "intend to comply

9

4055802v2

with their obligations to provide the Plaintiff with an expert's report, see Fed. R. Civ. P.

26(a)(2)(B), make the expert appraiser available for deposition, see Fed. R. Civ. P. 26(b)(4)(A) and

(B), and supplement their disclosures or discovery responses as necessary, see Fed. R. Civ. P.

26(e)(1)." Defendants' Mem. at p. 6. Surely the Defendants cannot claim that the materials –

whether they be photographs or other appraisal materials – that are disclosed pursuant to their

discovery obligations are nevertheless protected by the AWP doctrine. Such a claim is wholly

unsupported by the case law. See id.

Accordingly, to the extent the Defendants produce any photographs or other appraisal

materials during the course of discovery – which they have already indicated an intent to do, and

indeed are under an obligation to do – they cannot thereafter claim that AWP protects those

materials. Grumman Aerospace Corp. v. Titanium Metals Corp. of Am., 91 F.R.D. 84, 90

(E.D.N.Y. 1981) ("Disclosure to an adversary waives the work product protection as to items

actually disclosed"). The Plaintiff's proposed limitation requiring that all such photographs and

other appraisal materials be turned over to counsel for the Plaintiff at the end of this litigation is

therefore not only consistent with the Federal Rules of Civil Procedure but also mandated by

relevant case law.[8]  See In re Grand Jury Subpoena, 220 F.R.D. 130 (D. Mass. 2004); In re Martin

Marietta, 856 F.2d 619, 625 (4th Cir. 1988) (party "waived work-product privilege as to all non-

opinion work-product on the same subject matter as that disclosed").

---

[8]       To the extent the Defendants would seek to withhold from production photographs and other appraisal
materials based upon an AWP assertion, and therefore maintain AWP protection for these undisclosed materials, here
again, the Defendants' purported argument misses the mark. Generally speaking, AWP materials can be categorized as
ordinary, or fact, AWP, or opinion AWP.   See In re Grand Jury Subpoena, 220 F.R.D. 130 (D. Mass. 2004).  In this
case, even assuming the photographs and other appraisal materials would be considered AWP at all, at most they would
constitute ordinary AWP.  Disclosure of ordinary AWP materials to an adversary can be deemed a waiver of AWP for
all such materials constituting the same subject matter.  See In re Martin Marietta, 856 F.2d 619, 625 (4th Cir. 1988).
Accordingly, the Plaintiff's proposed limitation respecting relinquishment of all photographs, negatives and/or digital
images, and all other appraisal materials is entirely consistent with the principles underlying the AWP doctrine.

Finally, unlike much of the AWP case law, this is not a case in which the Plaintiff seeks discovery of AWP materials to assist her in her own trial preparation efforts. Rather, the Plaintiff seeks relinquishment of the photographs, negatives and/or digital images, and other appraisal materials to her *after the conclusion of this litigation* so as to preserve and maintain her privacy interest in her Apartment. Even if the Court were to conclude that such materials constitute AWP, the Defendants do not have a legitimate interest in those materials after the conclusion of the litigation. To the contrary, however, the Plaintiff's legitimate privacy interest would warrant relinq1uishment of those materials to her counsel at the conclusion of this litigation.

### V.     Conclusion

For the reasons stated above, the Plaintiff respectfully requests that the Motion to Compel Plaintiff's Compliance with Defendants' Rule 34 Request for Entry Upon Land be denied in its entirety, or, in the alternative, that the Court impose on the Rule 34 Request the remaining limitations proposed by the Plaintiff, and award costs as appropriate.

Respectfully submitted,

KATHLEEN P. MULLINIX,
By her attorneys,

/s/ Michelle L. Dineen Jerrett
Larry C. Kenna (BBO # 267760)
Michelle L. Dineen Jerrett (BBO #634930)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
Tel: (617) 248-5000

Date:    March 16, 2006

4055802v2

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2006, a copy of Plaintiff's Opposition to Defendants' Motion to Compel Plaintiff's Compliance with Defendants' Rule 34 Request for Entry Upon Land was served by email and first-class mail upon the attorney of record for the Defendants.

/s/ Michelle L. Dineen Jerrett
Michelle L. Dineen Jerrett

12

4055802v2

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN P. MULLINIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-12684-WGY |
| v. ) | |
| ) | |
| KIKI BOGORAD-GROSS and LEONARD P. ) | |
| BOGORAD, As They Are Executors of the Will of ) | |
| Lawrence Bogorad, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER GOVERNING THE DISCLOSURE AND USE OF PHOTOGRAPHS AND
OTHER APPRAISAL MATERIALS RELATING TO THE PLAINTIFF'S APARTMENT**

The Court hereby orders that the following limitations shall be placed on Defendants'

Rule 34 Request for Entry Upon Land to ensure that the Plaintiff's privacy interest in her home

not be unreasonably invaded by the Defendants' proposed entry and inspection. The Court

Orders as follows:

1.      Any expert who conducts an appraisal of the Plaintiff's Apartment must sign the

Agreement to Comply with Protective Order form attached to the Protective Order Governing

Disclosure and Use of Confidential Documents and Other Confidential Information (the

"Confidentiality Agreement"), which the Court allowed on March 7, 2006.

2.      Photographs and other appraisal materials relating to the Plaintiff's Apartment

shall be designated "Confidential Information" pursuant to the Confidentiality Agreement.

1

3.      Defendants shall turn over all information, including but not limited to, photographs, negatives or other digital images, and appraisal materials relating to Plaintiff's Apartment to Plaintiff's counsel at the close of the litigation.


SO ORDERED this _____ day of March, 2006.


_____
The Honorable William G. Young

4056097v1

2

# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN P. MULLINIX,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>KIKI BOGORAD-GROSS and  )<br>LEONARD P. BOGORAD, as They )<br>Are Executors of the Will of  )<br>Lawrence Bogorad,  )<br>  )<br>Defendants.  )<br>  ) | Civil Action<br>No. 04-12684-WGY |

## DEFENDANTS' REQUEST FOR ENTRY UPON LAND
## FOR INSPECTION OF PREMISES

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants Kiki Bogorad-Gross and Leonard Bogorad, as the Executors of the Will of Lawrence Bogorad, hereby request that Plaintiff Kathleen P. Mullinix permit the Defendants, their counsel and/or Mitchell, Maxwell & Jackson, Inc., their designated representatives, entry upon her residential premises located at 1050 Fifth Avenue, Apartment 15B, in New York, New York on February 27, 2006 at 10:00 a.m. for the purposes of inspecting, measuring, surveying, photographing and videotaping the premises.

KIKI BOGORAD-GROSS and
LEONARD P. BOGORAD, as
they are the Executors of the Will
of Lawrence Bogorad

By their attorneys,

January 25, 2006

*Lisa M. Hodes*
Larry L. Varn (BBO # 508130)
Lisa M. Hodes (BBO # 660444)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
lvarn@sandw.com
(617) 338-2800

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy
of the above document was served upon the attorney
of record for each party by mail/by hand.
Date: 1/25/2006

# Exhibit 3

**From:**   Dineen Jerrett, Michelle L.
**Sent:**   Thursday, February 16, 2006 2:40 PM
**To:**   Lisa M. Hodes (lhodes@sandw.com)
**Cc:**   Kenna, Larry
**Subject:** Mullinix - Rule 34 Notice restrictions

Lisa-

As a follow-up to our conversation, I write respecting reasonable limitations to be placed on Defendants' Request for Entry Upon Land For Inspection of Premises.

1. Based on our conversation, I understand that you will agree that neither your clients nor their spouses will be present for the inspection. If I have misunderstood our conversation, please let me know immediately. We will not agree to have either of your clients or their spouses enter the premises, as their presence would serve no useful purpose.

2. If either you, Larry or other counsel from Sullivan & Worcester plan to be there, you must advise me of that fact immediately. If I don't hear from you, I will assume that the only person entering the apartment will be Chris Devine from Mitchell, Maxwell & Jackson and I will instruct my client not to permit any other individuals access to the apartment. If someone other than Mr. Devine is the Mitchell, Maxwell & Jackson representative, please provide me with the name of the individual who will be entering and inspecting the premises. Mr. Devine (or the other named individual) will be required to show identification before being allowed access to my client's apartment.

3. We will agree to have a representative from Mitchell, Maxwell & Jackson enter and inspect the premises for a total of one (1) hour.

4. You have indicated that the sole purpose of the inspection is to appraise the property. Accordingly, all actions during the inspection must be consistent with that purpose. During the entry and inspection, the Mitchell, Maxwell & Jackson representative is not to open cabinets, drawers, bureaus, closets, desks or other such areas. The representative may take measurements of the room sizes for purposes of appraising the property but may not take any other actions which would interfere with my client's privacy.

5. Mitchell, Maxwell & Jackson and its representative must sign the Agreement to Comply with Protective Order form attached to the most recent version of the draft stipulated protective order. Given our client's privacy interests, we intend to designate all materials relating to the appraisal as CONFIDENTIAL MATERIAL and Mitchell, Maxwell & Jackson and its representative, must sign the Agreement. Pending final negotiation and/or resolution of the Stipulated Protective Order, you agree that all appraisal materials, including photographs, written documents, reports, notes, memoranda, etc. will be treated as CONFIDENTIAL MATERIAL and shall not be viewed by anyone outside of counsel (i.e., you and Larry, and us), and the Mitchell, Maxwell & Jackson representative.

6. The Mitchell, Maxwell & Jackson representative will be permitted to take a reasonable, limited number of photographs of the premises, consistent with the purpose of appraising the property. Photographs will not be permitted, however, of areas or items which will invade my client's privacy interests. In addition, all photographs will be required to be produced to plaintiff's counsel, who reserves the right to object to any photograph that constitutes an invasion of my client's privacy. You, your clients, and Mitchell, Maxwell & Jackson agree that the photographs will be used solely for the purpose of appraising the apartment and for use in this litigation. All photographs (including originals, copies, negatives and/or digital media) will be treated as CONFIDENTIAL MATERIAL pursuant to the draft stipulated protective order. Accordingly, the photographs may not be used in any advertising or other public forum; their use must be consistent with, and solely related to, the pending litigation. At the conclusion of the litigation, all photographs (including originals and copies) and all negatives or digital media thereof will be given to plaintiff's counsel and no remaining originals, copies, negatives, or digital media of said photographs will remain with you, your clients, Mitchell, Maxwell & Jackson, or any other person or entity.

7. You, your clients, and Mitchell, Maxwell & Jackson agree that the appraisal of the apartment will be treated as CONFIDENTIAL MATERIAL pursuant to the draft stipulated protective order. Accordingly, neither the appraisal nor any

parts thereof, may be used in any advertising or other public forum; its use must be consistent with, and solely related to, the pending litigation. At the conclusion of the litigation, all documents reflecting the appraisal (including originals and copies) will be given to plaintiff's counsel and no remaining originals or copies will remain with you, your clients, Mitchell, Maxwell & Jackson, or any other person or entity.

8. No videotaping will be permitted as it is not contemplated by Federal Rule of Civil Procedure 34.

As I mentioned on the telephone, provided you agree to the above reasonable restrictions, we will agree to your proposed date and time of inspection as set forth in the notice. If you do not agree to the above reasonable restrictions, and we cannot reach an agreement with respect thereto, we will serve an objection to the notice and will not agree to allow any person to enter the premises until such time as an agreement on reasonable restrictions can be reached.

I look forward to hearing from you.

Michelle


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Michelle L. Dineen Jerrett, Esq.

CHOATE

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5261
f 617-248-4000
mdineenjerrett@choate.com
www.choate.com

# Exhibit 4

From: Hodes, Lisa M. [mailto:lhodes@sandw.com]
Sent: Friday, February 17, 2006 11:24 AM
To: Dineen Jerrett, Michelle L.
Cc: Varn, Larry
Subject: Rule 34 Request for Entry Upon Land


Michelle:

As a follow-up to your email, I am responding to your proposed limitations for our Rule 34
Request for Entry Upon Land.

As we discussed, Christopher Devine from Mitchell, Maxwell & Jackson will appraise the
apartment, and neither our clients nor their spouses will attend.  In addition, Larry and
I will not be present.  Mr. Devine has assured me that one hour should be plenty of time
for the appraisal.  As I have stated to you, this is a straight real property appraisal
and Mr. Devine's conduct will be consistent with that purpose.  However, Mr. Devine will
be permitted to open closets in order to determine square footage or whether the closet's
set-up contributes to the value of the apartment (i.e., if your client installed high-end
shelving, such as California Closets, that would increase the value of the apartment).
However, neither he nor we have any interest in your client's personal property.

Regarding paragraph 5, and consistent with our position throughout the negotiation of the
protective order, we will not agree to your request to restrict access by our clients and
their spouses to the appraisal materials. We will, of course, agree that the information
is only for this case and will not be disseminated beyond them.

Regarding paragraph 6, we will agree that the photographs will be used only for the
purposes of this litigation, but we will not agree to turn over the photographs and
negatives--our work product--to you at the conclusion of this litigation.  We will comply
with our obligations under Fed. R. Civ. P. 26(a)(2)(B), 26(b)(4)(A) and 26(e)(1) and the
applicable local rule if Mr. Devine is designated as a testifying expert.  Unless and
until that point, Fed. R. Civ. P. 26(b)(4)(B) governs.

This same argument supports our position regarding paragraph 7.  We will agree that the
appraisal will only be used for the purposes of this litigation, but we will not turn over
our work product to you.

Finally, we will agree to still photographs only and no videotaping.

Thanks,
Lisa

Lisa M. Hodes
Attorney At Law

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T     617 338 2426
F     617 338 2880
lhodes@sandw.com
www.sandw.com

BOSTON   NEW YORK   WASHINGTON, DC


This message is intended to be confidential and may be legally privileged.  It is intended
solely for the addressee.  If you are not the intended recipient, please delete this

message from your system and notify us immediately.  Any disclosure, copying, distribution or action taken or omitted to be taken by an unintended recipient in reliance on this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax advice.  Under recently promulgated US Internal Revenue Service (IRS) standards, we are required to inform you that only formal, written tax opinions meeting IRS requirements may be relied upon by taxpayers for the purpose of avoiding tax-related penalties.  Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code.  Please contact a member of our law firm's Tax Department if you require a formal, written tax opinion that satisfies applicable IRS requirements, or if you have any other questions regarding federal tax advice.

# Exhibit 5

# C|H|O|A|T|E

CHOATE HALL & STEWART LLP

Michelle L. Dineen Jerrett
(617) 248-5261
mdineenjerrett@choate.com

February 23, 2006

**VIA HAND DELIVERY**

Lisa M. Hodes, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, Massachusetts 02109

**RE:    Mullinix v. Bogorad-Gross, et al.**

Dear Lisa:

As a follow-up to the various verbal and email communications regarding Defendants' Request for Entry Upon Land for Inspection of Premises (the "Request"), this letter serves as the Plaintiff's objection to that Request. As you know, we proposed a number of reasonable restrictions related to the Defendants' Request, as follows:

1. Neither the Defendants nor their spouses will be present for the inspection, as their presence would serve no useful purpose;

2. I requested a list of the people who would be at the appraisal. You indicated that the only person would be Chris Devine from Mitchell, Maxwell & Jackson. I requested that Mr. Devine be prepared to show identification and also indicated that I would instruct my client not to permit any other individuals access to the apartment;

3. The entry and inspection would last no longer than one (1) hour;

4. As you previously have indicated that the sole purpose of the inspection is to appraise the property, all actions during the inspection must be consistent with that purpose. During the entry and inspection, Mr. Devine is not to open cabinets, drawers, bureaus, closets, desks or other such areas. Mr. Devine may take measurements of the room sizes for purposes of appraising the property but may not take any other actions which would interfere with my client's privacy;

5. Mitchell, Maxwell & Jackson and Mr. Devine must sign the Agreement to Comply with Protective Order form attached to the most recent version of the draft stipulated protective order. Given our client's privacy interests, I indicated that we intend to designate all materials relating to the appraisal as CONFIDENTIAL MATERIAL and

4048365_1.DOC

Letter to Lisa M. Hodes
February 23, 2006
Page 2

Mitchell, Maxwell & Jackson and Mr. Devine, must sign the Agreement. Pending final negotiation and/or resolution of the Stipulated Protective Order, you agree that all appraisal materials, including photographs, written documents, reports, notes, memoranda, etc. will be treated as CONFIDENTIAL MATERIAL and shall not be viewed by anyone outside of counsel (*i.e.*, the two of you and us), and Mr. Devine;

6.   Mr. Devine will be permitted to take a reasonable, limited number of photographs of the premises, consistent with the purpose of appraising the property. Photographs will not be permitted, however, of areas or items which will invade my client's privacy interests. In addition, all photographs will be required to be produced to plaintiff's counsel, who reserves the right to object to any photograph that constitutes an invasion of my client's privacy. You, the Defendants, and Mitchell, Maxwell & Jackson agree that the photographs will be used solely for the purpose of appraising the apartment and for use in this litigation. All photographs (including originals, copies, negatives and/or digital media) will be treated as CONFIDENTIAL MATERIAL pursuant to the draft stipulated protective order. Accordingly, the photographs may not be used in any advertising or other public forum; their use must be consistent with, and solely related to, the pending litigation. At the conclusion of the litigation, all photographs (including originals and copies) and all negatives or digital media thereof will be given to plaintiff's counsel and no remaining originals, copies, negatives, or digital media of said photographs will remain with you, the Defendants, Mitchell, Maxwell & Jackson, or any other person or entity.

7.   You, the Defendants, and Mitchell, Maxwell & Jackson agree that the appraisal of the apartment will be treated as CONFIDENTIAL MATERIAL pursuant to the draft stipulated protective order. Accordingly, neither the appraisal nor any parts thereof, may be used in any advertising or other public forum; its use must be consistent with, and solely related to, the pending litigation. At the conclusion of the litigation, all documents reflecting the appraisal (including originals and copies) will be given to plaintiff's counsel and no remaining originals or copies will remain with you, the Defendants, Mitchell, Maxwell & Jackson, or any other person or entity.

8.   No videotaping will be permitted as it is not contemplated by Federal Rule of Civil Procedure 34.

The next day, you responded via email as follows:

As a follow-up to your email, I am responding to your proposed limitations for our Rule 34 Request for Entry Upon Land.
As we discussed, Christopher Devine from Mitchell, Maxwell & Jackson will appraise the apartment, and neither our clients nor their spouses will attend. In addition, Larry and I will not be present. Mr. Devine has assured me that one

4048365_1.DOC

Letter to Lisa M. Hodes
February 23, 2006
Page 3

hour should be plenty of time for the appraisal. As I have stated to you, this is a
straight real property appraisal and Mr. Devine's conduct will be consistent with
that purpose. However, Mr. Devine will be permitted to open closets in order to
determine square footage or whether the closet's set-up contributes to the value of
the apartment (i.e., if your client installed high-end shelving, such as California
Closets, that would increase the value of the apartment). However, neither he nor
we have any interest in your client's personal property.

Regarding paragraph 5, and consistent with our position throughout the
negotiation of the protective order, we will not agree to your request to restrict
access by our clients and their spouses to the appraisal materials. We will, of
course, agree that the information is only for this case and will not be
disseminated beyond them.

Regarding paragraph 6, we will agree that the photographs will be used only for
the purposes of this litigation, but we will not agree to turn over the photographs
and negatives--our work product--to you at the conclusion of this litigation. We
will comply with our obligations under Fed. R. Civ. P. 26(a)(2)(B), 26(b)(4)(A)
and 26(e)(1) and the applicable local rule if Mr. Devine is designated as a
testifying expert. Unless and until that point, Fed. R. Civ. P. 26(b)(4)(B) governs.
This same argument supports our position regarding paragraph 7. We will agree
that the appraisal will only be used for the purposes of this litigation, but we will
not turn over our work product to you.

Finally, we will agree to still photographs only and no videotaping.

Given that the parties have not reached a complete agreement regarding the entry and
inspection of the Apartment, the Plaintiff hereby objects to your request.

Please let me know if you will reconsider your position on the remaining proposed restrictions.
Should you have any questions, please do not hesitate to call.

Sincerely,

Michelle L. Dineen Jerrett

cc:    Larry C. Kenna
       Sara E. Solfanelli, Esq.

4048365_1.DOC