UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN P. MULLINIX,             ) | |
| ) | |
| Plaintiff,       ) | |
| ) | Civil Action No. 04-12684-WGY |
| v.       ) | |
| ) | |
| KIKI BOGORAD-GROSS and LEONARD P.   ) | |
| BOGORAD, As They Are Executors of the Will of ) | |
| Lawrence Bogorad,       ) | |
| ) | |
| Defendants.       ) | |
| ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
DESIGNATION OF EXPERT WITNESS**

Plaintiff Kathleen P. Mullinix moves that this Court strike Defendants' Kiki

Bogorad-Gross and Leonard Bogorad's designation of Christopher Devine as a testifying

expert witness and order, pursuant to Fed. R. Civ. P. 37(c), that Defendants are not

permitted to use as evidence at trial or at any hearing or motion any testimony or

information from Mr. Devine.  The designation of Christopher Devine as an expert was

made beyond the deadline established by Fed. R. Civ. P. 26(a)(2) and Local Rule 16(b).

Defendants ignored the deadline established by the Court to designate experts, and then,

more than two months later on the last date set by the Court for deposing experts,

purported to designate an expert, causing prejudice to Plaintiff.

In support of this motion, Plaintiff states the following:

1.      Pursuant to Rules 16(b) and 26(a)(2) of the Federal Rules of Civil Procedure,

designation of expert witnesses "shall be made at the times and in the sequence

directed by the court." Fed. R. Civ. P. 26(a)(2).  The Joint Statement of Counsel

Pursuant to Local Rule 16.1(D), signed and entered by this Court on September

14, 2005 (the "Joint Statement"), states that "Defendants will designate experts by

February 3, 2006."  See Memorandum of Law in Support of Plaintiff's Motion To

Strike Defendants' Designation Of Expert Witness ("Mem.") at Exhibit A at 3.

2.    At no time have the Defendants sought an extension of the deadline by which

expert witnesses were to be designated, either by agreement with Plaintiff's

counsel or by a motion to the Court, and the parties have never agreed to extend

the Court-ordered deadline.

3.    Defendants did not designate any expert witnesses by February 3, 2006.

4.    Defendants' counsel confirmed by an E-mail to Plaintiff's counsel on March 30,

2006 that "[they] have not yet designated Chris Devine as [an] expert witness."

See Mem. at Exhibit B.

5.    The Joint Statement set the final day to depose expert witnesses as April 7, 2006.

6.    On April 7, 2006 at approximately 1:45 PM Defendants indicated by telephone to

Plaintiff's counsel that they intended to designate Mr. Devine as their expert

witness.  At approximately 4:30 PM on that same day – the last day to *depose*

such an expert – the Defendants purported to "designate" Mr. Devine and

disclosed his so-called expert report to Plaintiff's counsel.

7.    Defendants missed the deadline to designate an expert witness by more than two

months.  Defendants did not designate Mr. Devine as a testifying expert witness,

and provide an expert's report to Plaintiff as required by Fed. R. Civ. P.

26(a)(2)(B), until 4:30 PM on the *last day* that Plaintiff could take expert

depositions. By the time Defendants purportedly "designated" Mr. Devine, Plaintiff did not have an opportunity to review and digest the so-called expert report, determine whether she would depose the witness and or whether she would pay his fees for such a deposition (which to date have still not been disclosed), prepare for a deposition or even notice a deposition of Mr. Devine by the April 7, 2006 deadline.

8.      In addition, by waiting until 4:30 PM on the *last day* that Plaintiff could take expert depositions to even attempt to designate their so-called expert, Plaintiff has been prejudiced as she has been unable to review and digest the Defendants' so-called expert report, determine whether to designate a rebuttal expert, or to identify and designate such an expert and provide the requisite expert reports to the Defendants, prior to the expiration of the *deadline for taking depositions of experts*.

This Motion is further supported by the accompanying Memorandum of Law in Support of Plaintiff's Motion To Strike Defendants' Designation Of Expert Witness.

WHEREFORE, Plaintiff respectfully moves this Court to strike Defendants

designation of Christopher Devine as a testifying expert witness and further relief as this

Court deems appropriate and just.

Respectfully submitted,

KATHLEEN P. MULLINIX,
By her attorneys,

/s/ Michelle L. Dineen Jerrett
Larry C. Kenna (BBO # 267760)
Michelle L. Dineen Jerrett (BBO #634930)

Sara E. Solfanelli (BBO #658018)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
Tel: (617) 248-5000

Date:   April 12, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2006, a copy of Plaintiff's Motion to Strike
Defendants' Designation of Expert Witness was served by email and first-class mail upon
the attorney of record for the defendants.

/s/ Michelle L. Dineen Jerrett

## FEDERAL RULE 26(c) AND LOCAL RULES 7.1(A)(2) AND 37.1 CERTIFICATE

Counsel for Kathleen P. Mullinix certifies that she has made a good faith effort to
resolve this dispute without court intervention.  Counsel for the parties have had multiple
telephone and Email conferences but have been unable to reach an agreement with
respect to the issues contained herein.

/s/ Michelle L. Dineen Jerrett
Michelle L. Dineen Jerrett

4068883v1