UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  |  |
|---|---|
| KATHLEEN P. MULLINIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KIKI BOGORAD-GROSS and LEONARD P. | ) |
| BOGORAD, As They Are Executors of the Will of | ) |
| Lawrence Bogorad, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. 04-12684-WGY

---

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION TO STRIKE DEFENDANTS' DESIGNATION OF EXPERT WITNESS

Plaintiff Kathleen P. Mullinix moves that this Court strike Defendants' Kiki Bogorad-Gross and Leonard Bogorad's designation of Christopher Devine as a testifying expert witness. Defendants ignored the deadline established by the Court to designate experts, and then, more than two months later on the last date set by the Court for deposing experts, purported to designate an expert, causing prejudice to Plaintiff. The blatantly late disclosure of this expert should be stricken.

### I.    Background[1]

The Joint Statement of Counsel Pursuant to Local Rule 16.1(D), signed and entered by this Court on September 14, 2005 (the "Joint Statement"), states that "Defendants will designate

---

[1]    Pertinent factual background has been set forth in the Plaintiff's (1) Opposition to Defendants' Motion for Protective Order, (2) Motion for Entry of a Protective Order Governing Disclosure and Use of Confidential Documents and Other Confidential Information, and (3) Opposition to Defendants' Motion to Compel Plaintiff's Compliance with Defendants' Rule 34 Request for Entry Upon Land, which are incorporated herein by reference.

experts by February 3, 2006." <u>See</u> Joint Statement attached hereto as <u>Exhibit A</u> at 3. This language is unambiguous.

Defendants did not designate any expert witnesses by February 3, 2006. At no time have the Defendants sought an extension of the deadline by which expert witnesses were to be designated, either by agreement with Plaintiff's counsel or by a motion to the Court, and the parties never agreed to extend the Court-ordered deadline.

As late as March 30, 2006, Defendants' counsel confirmed by an Email to Plaintiff's counsel that "[they] have not yet designated Chris Devine as [an] expert witness." <u>See</u> Email from Lisa M. Hodes to Sara E. Solfanelli dated March 30, 2006 attached hereto as <u>Exhibit B</u>. Because the Joint Statement set the final day to depose expert witnesses as April 7, 2006, <u>see</u> <u>Exhibit A</u> at 3, Defendants' confirmation that Mr. Devine had not been "designated . . . as [an] expert witness" – and in fact had not provided any of the materials required by Fed. R. Civ. P. 26(a)(2)(B) – also confirmed to Plaintiff that an expert deposition was unnecessary, and indeed would likely have been objected to by the Defendants as they had not designated him as an expert.

Subsequently, on April 7, 2006 at approximately 1:45 PM, Defendants orally notified Plaintiff's counsel by telephone that they "intended" to designate Mr. Devine as their expert witness. At approximately 4:30 PM on that same day – the last day to *depose* such an expert – the Defendants purported to "designate" Mr. Devine and disclosed his so-called expert report to Plaintiff's counsel.

## II.    Argument

Pursuant to Rules 16(b) and 26(a)(2) of the Federal Rules of Civil Procedure, designation of expert witnesses "shall be made at the times and in the sequence directed by the court." Fed.

R. Civ. P. 26(a)(2).  The Joint Statement of Counsel Pursuant to Local Rule 16.1(D), signed and entered by this Court on September 14, 2005 (the "Joint Statement"), provides unequivocally that "Defendants will designate experts by February 3, 2006."  See Exhibit A at 3.  Defendants ignored this Court-established deadline to designate experts, and then, more than two months later on the last date set by the Court for deposing experts, purported to designate an expert, causing prejudice to Plaintiff.  The blatantly late disclosure of this expert should be stricken.  See MSM Industries, Inc. v. Zurich American Ins. Cos., 1997 WL 260059 (D. Mass. March 25, 1997).

**A.    The Defendants' Expert Designation Should be Stricken as Untimely.**

Defendants missed the deadline to designate an expert witness by more than two months.  During that time period, Defendants sought neither an agreement from counsel nor any extension by the Court to enlarge the time in which they had to designate experts.  Moreover, even though Defendants purportedly have designated an expert, they have failed to provide all information required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(B).  See Section II(B), *infra*.

Defendants did not designate Mr. Devine as a testifying expert witness, and provide an expert's report to Plaintiff, until the *last day* that Plaintiff could take expert depositions – over two months after the deadline for doing so.  As set forth in Fed. R. Civ. P. 37(c), absent "substantial justification" for failure to disclose information required by Rule 26(a), "a party . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed."  In short, Defendants should not now be permitted to benefit by this blatant failure, and they should be precluded from using both Mr. Devine as a witness and his so-called report as evidence.  See MSM Industries (Judge Gertner allowed motion to strike expert designation where, although names and addresses of purported

experts disclosed by the deadline, party failed to provide additional information as required by

Rule 26(a)(2)(B) by the deadline or for months thereafter).

Defendants maintained, even as recently as March 30, 2006, that Mr. Devine had not

been designated as their expert witness.  See Exhibit B.  Eight days later, however, Defendants

purported to so designate him.  See Cover Letter dated April 7, 2006 from Lisa M. Hodes to

Michelle L. Dineen Jerrett, Esq. attached hereto as Exhibit C.  Here, Defendants' failure to

timely designate an expert is far from harmless.  Plaintiff has in fact suffered prejudice both in

her ability to depose this so-called expert and in being able to determine whether to designate her

own rebuttal expert.  First, Plaintiff did not have an opportunity to review the expert disclosures,

determine whether she wanted to depose Mr. Devine and pay his fees (which to date have still

not been disclosed), prepare for a deposition or even notice a deposition of Mr. Devine by the

April 7, 2006 deadline.  Second, Defendants' belated "designation" has resulted in prejudice to

the Plaintiff, who has been unable to review and digest the Defendants' so-called expert report,

determine whether to designate a rebuttal expert, or to identify and designate such an expert and

provide the requisite expert reports to the Defendants, prior to the expiration of the *deadline for*

*taking depositions of experts*.

**B.    The Defendants' Earlier Identification of Mr. Devine Is Insufficient Under Fed. R.
       Civ. P. 26(a)(2).**

Fed. R. Civ. P. 26(a)(2) governing the disclosure of expert testimony provides, in

pertinent part, as follows:

> (A)  [A] party shall disclose to other parties the identity of any person who
> may be used at trial to present evidence under Rules 702, 703, or 705 of the
> Federal Rules of Evidence.
> (B)  *Except as otherwise stipulated or directed by the court, this
> disclosure **shall***, with respect to a witness who is retained or specially employed
> to provide expert testimony in the case . . . *be accompanied by a written report
> prepared and signed by the witness.*  The *report shall contain* a complete

4

statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) *These disclosures **shall** be made at the times and in the sequence directed by the court.*  In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.  The parties shall supplement these disclosures when required under subdivision (e)(1).

(Emphasis added).

Defendants apparent argument that they have timely designated Mr. Devine as an expert is that they listed him in supplemental answers to interrogatories served on January 30, 2006 and "would designate him as an expert pending our review of his appraisal report."  See Email from Lisa M. Hodes to Michelle L. Dineen Jerrett dated April 12, 2006, attached hereto as Exhibit D at ¶ 3.  In fact, however, Defendants' Supplemental Answers to Interrogatories did not indicate that Defendants would designate Mr. Devine; rather, they indicated that they may do so and made no mention of any such designation pending an appraisal report.  See Defendant Kiki Bogorad-Gross' Supplemental Answers to Plaintiff's First Set of Interrogatories and Defendant Leonard Bogorad's Supplemental Answers to Plaintiff's First Set of Interrogatories, attached hereto as Exhibit E.

Contrary to the position that the listing of Mr. Devine's name in Defendants' supplemental answers to interrogatories was sufficient to designate him as an expert, however, counsel for Defendants specifically refuted the notion that Mr. Devine had been designated an expert.  See Exhibit B.  As of March 30, 2006, counsel for Defendants stated "As you know, we have not yet designated Chris Devine as our expert witness.  However, following the receipt of

his report, if and when we do designate him, he and we are available [for deposition] April 13 at 11 a.m." Id. Surely Defendants now cannot argue that the listing of Mr. Devine in the supplemental answers to interrogatories constituted a sufficient designation under the federal rules.

Defendants also apparently argue that they were precluded from timely designating Mr. Devine because of a "delay[] as a result of the dispute related to the terms of entry to Apartment 15B." See Exhibit D at ¶ 3. What Defendants fail to mention, however, is that their notice of intent to inspect the Apartment pursuant to Fed. R. Civ. P. 34 (the "Rule 34 Request") – even if the terms of which had not necessitated the reasonable restrictions by Plaintiff – would not have resulted in an inspection or so-called expert report by February 3, 2006, the deadline for expert designation agreed to by the parties and endorsed by the Court. The Rule 34 Request sought inspection on February 27, 2006, itself a date over three weeks after the February 3 deadline. Accordingly, to the extent Defendants purport to blame their untimely designation on the perceived delay in the inspection of the Apartment, the simple fact remains that as a result of Defendants' own actions, they would have been unable to comply with the requirements of Fed. R. Civ. P. 26(a) in a timely fashion. They simply ignored the deadline and now seek to sidestep the deadlines they agreed to and the Court endorsed.

Moreover, at no time during those two months did Defendants provide information *required* to be produced to Plaintiff pursuant to Fed. R. Civ. P. 26(a)(2)(B). In fact, despite their purported "designation" of Mr. Devine as an expert on Friday afternoon, see Exhibit C, Defendants still have failed to provide information required by the rules. Specifically, Defendants have failed to provide "the compensation to be paid for the [expert's] study and testimony . . . and a listing of any other cases in which the witness has testified as an expert at

trial or by deposition within the preceding four years." See Fed. R. Civ. P. 26(a)(2)(B). Accordingly, even after the deadline by which expert witnesses were to have been deposed, Defendants have failed to properly designate Mr. Devine or any other "expert" pursuant to Fed. R. Civ. P. 26.

### III.    Conclusion

For the reasons set forth herein, Plaintiff respectfully moves this Court to strike the Defendants' purported designation of Mr. Devine as an expert witness and to order, pursuant to Fed. R. Civ. P. 37(c), that Defendants are not permitted to use as evidence at trial or at any hearing or motion any testimony or information from Mr. Devine.

Plaintiff complied with the Joint Statement, which required Plaintiff to designate experts by January 6, 2006, by sending a letter to Defendants' counsel stating that Plaintiff did not designate any experts but reserved the right to designate rebuttal experts, if necessary. Plaintiff relied, and indeed are entitled to rely, on Defendants' likewise compliance with the Joint Statement entered by the Court and with Defendants' obligations pursuant to the Federal Rules of Civil Procedure, neither of which were followed by them here. Plaintiff has suffered prejudice as a result not only with respect to her inability to depose Mr. Devine by the deadline but also by her inability to determine whether she would designate a rebuttal expert and provide the requisite information to Defendants so that they could timely depose such an expert.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully moves this Court to strike Defendants' designation of Christopher Devine as a testifying expert witness, to order, pursuant to Fed. R. Civ. P. 37(c) that Defendants are not permitted to use as evidence at trial or at any hearing or motion any testimony or information from Mr. Devine, and for further relief as this Court deems appropriate and just.

Respectfully submitted,

KATHLEEN P. MULLINIX,
By her attorneys,

/s/ Michelle L. Dineen Jerrett
Larry C. Kenna (BBO # 267760)
Michelle L. Dineen Jerrett (BBO #634930)
Sara E. Solfanelli (BBO #658018)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
Tel: (617) 248-5000

Date:   April 12, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2006, a copy of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion To Strike Defendants' Designation Of Expert Witness was served by email and first-class mail upon the attorney of record for the defendants.

/s/ Michelle L. Dineen Jerrett

## FEDERAL RULE 26(c) AND LOCAL RULES 7.1(A)(2) AND 37.1 CERTIFICATE

Counsel for Kathleen P. Mullinix certifies that she has made a good faith effort to resolve this dispute without court intervention.  Counsel for the parties have had multiple telephone and Email conferences but have been unable to reach an agreement with respect to the issues contained herein.

/s/ Michelle L. Dineen Jerrett
Michelle L. Dineen Jerrett

4069001v2

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN P. MULLINIX, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04 12684 WGY |
| KIKI BOGORAD-GROSS and LEONARD P. BOGORAD, As They Are Executors of the Will of Lawrence Bogorad, | ) |
| Defendants, | ) |

YOUNG, D.J. / *as modified*
So ordered as the case management
scheduling order.
Discovery due *April 3,* '06
Dispositive Motions due *May 5, 2006*

*William G. Young*
U.S. District Judge
*Aug. 19, 2005*

## JOINT STATEMENT OF COUNSEL PURSUANT TO LOCAL RULE 16.1(D)

### 1.    Rule 26(f)/Local Rule 16.1(D) Conference

On August 31, 2005, Larry C. Kenna and Michelle Dineen Jerrett, counsel for the plaintiff, and Larry Varn and Lisa Hodes, counsel for the defendants, conducted a meeting pursuant to Fed. R. Civ. P. 26(f) and Loc. R. 16.1(D).

### 2.    Concise Summary of Positions

The parties provide the following summaries of their respective positions with respect to liability and relief sought:

(a) The plaintiff Kathleen Mullinix. This is an action to recover damages for the defendants' breach of contract. Before his death on December 28, 2003, Lawrence Bogorad contracted with the plaintiff to (i) split evenly with her the tax consequences that resulted from the sale of her apartment on East 87th Street in New York; (ii) pay the monthly maintenance fees for her apartment on 5th Avenue in New York; (iii) pay for the cost of renovations to the 5th

3981364v1

Avenue apartment, including the cost of the work and the architect's fee; and (iv) split evenly with her the costs she incurred for storing her belongings from the East 87th Street apartment until those belongings could be moved into the 5th Avenue apartment upon completion of the renovations. The plaintiff took action in reliance on Mr. Bogorad's commitments and assumed obligations with the expectation of performance by Mr. Bogorad. The defendants are Mr. Bogorad's daughter and son, have been appointed executors of the will of Mr. Bogorad, and have refused to honor the contracts. In addition, both Mr. Bogorad before his death, and the defendant Leonard Bogorad in or around January and February 2004, assured the plaintiff that she could remain living in Mr. Bogorad's house in Massachusetts until the renovations to the 5th Avenue apartment were completed. However, in breach of this contract, the defendants sold Mr. Bogorad's house before the renovations were completed and the plaintiff was forced to rent an apartment to live in until the renovations were completed. The plaintiff seeks damages in excess of $450,000.00. The defendants' claim of an ownership interest in the 5th Avenue apartment by a resulting or constructive trust is without merit.

(b) The defendants have denied or lack any knowledge concerning the material allegations of Ms. Mullinix's complaint and she has not presented evidence to convince them – or, in their opinion, to convince any trier of fact – that the oral, undocumented, uncorroborated contract she now claims to have had with their late father, Professor Lawrence Bogorad, of Lexington, Massachusetts, was ever made. In addition, any such oral contract is barred by the applicable New York statute of frauds, lacks sufficient definiteness and certainty to be enforced and, in any event, was terminated upon Professor Bogorad's unexpected death in Mexico on December 28, 2003. Finally, if any contract is found to have existed between Ms. Mullinix and Professor Bogorad in respect of Ms. Mullinix's cooperative apartment on Fifth Avenue in New

-2-

3981364v1

York (as to which she holds the proprietary lease and associated stock in her sole name), then Professor Bogorad's estate has a proportionate ownership interest which Ms. Mullinix holds in a constructive or resulting trust on account of the consideration furnished by Professor Bogorad or potentially to be furnished by his estate if the Court concludes that a contract existed between him and Ms. Mullinix.

    3.    Proposed Discovery Plan and Case Schedule

The parties' joint proposal for a discovery plan is as follows:

(a)    All written discovery served by October 7, 2005.

(b)    All written responses to written discovery by November 9, 2005.

(c)    Plaintiff will designate experts by January 6, 2006.

(d)    Defendants will designate experts by February 3, 2006.

(e)    All fact depositions completed by March 10, 2006.

(f)    All expert depositions completed by April 7, 2006.

(g)    Dispositive motions filed by June 5, 2006.

(h)    ~~Responses to dispositive motions by July 10, 2006.~~ *n/A*

(i)    Final Pretrial Conference in September, 2006.

(j)    Trial in October, 2006.

4.    Other Matters

(a) Trial by Magistrate. The parties do not consent to trial before a U.S. Magistrate Judge.

(b) Certifications of Consultation. To be filed in accordance with Local Rule 16.1(D).

(c) Settlement Proposals. To be presented in accordance with Local Rule 16.1(D).

5. Agenda

-3-

The parties propose the following agenda for the Scheduling Conference:

(a)    the discovery plan and case schedule outlined above; and

(b)    such other matters as the Court may find appropriate and useful to discuss.

Respectfully submitted,

KATHLEEN P. MULLINIX,
By her attorneys,


/s/ Larry C. Kenna
Larry C. Kenna (BBO # 267760)
Michelle L. Dineen Jerrett (BBO #634930)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
Tel: (617) 248-5000

KIKI BOGORAD-GROSS and LEONARD P.
BOGORAD, as they are Executors of the Will
of Lawrence Bogorad

By their attorney,

/s/ Larry L. Varn
Larry L. Varn (BBO# 508130)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

-4-

3981364v1

# Exhibit B

## Dineen Jerrett, Michelle L.

**From:**  Hodes, Lisa M. [lhodes@sandw.com]

**Sent:**  Thursday, March 30, 2006 3:13 PM

**To:**  Solfanelli, Sara E.

**Cc:**  Dineen Jerrett, Michelle L.; Varn, Larry

**Subject:** RE: Expert Witness

Sara:

As you know, we have not yet designated Chris Devine as our expert witness. However, following the receipt of his report, if and when we do designate him, he and we are available April 13 at 11 a.m. We can make him available at 11:00 a.m. in a conference room at our New York City office at 1290 Avenue of the Americas on the condition that you are to compensate him for his time. I have asked him to forward me his standard schedule of fees for depositions.

We will accept service for him.

Please let me know if you have comments or questions.

Thanks,
Lisa

> -----Original Message-----
> **From:** Solfanelli, Sara E. [mailto:SSolfanelli@choate.com]
> **Sent:** Thursday, March 30, 2006 11:12 AM
> **To:** Hodes, Lisa M.
> **Cc:** Dineen Jerrett, Michelle L.; Golding, Heather A.; Kenna, Larry
> **Subject:** Expert Witness
>
> Hi Lisa,
> I am writing to inquire about the contact information for Christopher Devine of Mitchell, Maxwell & Jackson, your designated expert for the appraisal. There is no contact information provided in your clients' Supplemental Answers to Interrogatories.  As you may expect, we plan on noticing a deposition of Mr. Devine.
> I have a few questions, which may make this process go a bit smoother.  Will you agree to accept service of Mr. Devine's Notice of Deposition, or  will you require that we serve him with a subpoena and the notice?  Also, will you make him available to be deposed in Boston, or should we notice it for a location in New York?  And, finally, we intend to notice Mr. Devine's deposition for April 7.  Please let me know if that date will present a conflict because, as you know, it is the last day for expert depositions.
>
> Please let me know your thoughts as soon as possible, as I would like to get the notice out today.  Please feel free to call me directly with any questions or to discuss.
> Thanks much,
> Sara
>
> Sara E. Solfanelli
> Choate, Hall & Stewart LLP
> Two International Place
> Boston, MA 02110
> t 617-248-5080
> f 617-248-4000
> ssolfanelli@choate.com
> www.choate.com

---

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

This message is intended to be confidential and may be legally privileged. It is intended solely for the addressee. If you are not the intended recipient, please delete this message from your system and notify us immediately. Any disclosure, copying, distribution or action taken or omitted to be taken by an unintended recipient in reliance on this message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax advice. Under recently promulgated US Internal Revenue Service (IRS) standards, we are required to inform you that only formal, written tax opinions meeting IRS requirements may be relied upon by taxpayers for the purpose of avoiding tax-related penalties. Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code. Please contact a member of our law firm's Tax Department if you require a formal, written tax opinion that satisfies applicable IRS requirements, or if you have any other questions regarding federal tax advice.

# Exhibit C



SULLIVAN&
WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

April 7, 2006

**BY HAND**

Michelle L. Dineen Jerrett, Esq.
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110

Re:    Mullinix v. Bogorad-Gross, et al.

Dear Michelle:

Pursuant to Fed. R. Civ. P. 26, we are designating Christopher Devine from the real estate appraisal firm Mitchell, Maxwell & Jackson, Inc. as an expert witness to testify regarding the current fair market value of the Plaintiff's cooperative apartment located at 1050 Fifth Avenue, Apartment 15B, in New York, NY. Enclosed are the documents required by Fed. R. Civ. P. 26(a)(2). Mr. Devine has not been published. Due to confidentiality agreements, Mr. Devine cannot disclose a list of the cases in which he has testified over the past four years. I am informed he has testified as an expert witness "a dozen" times.

Also enclosed is Defendant Kiki Bogorad-Gross' Supplemental Answers to Plaintiff's First Set of Interrogatories. Defendant Leonard Bogorad's Supplemental Answers to Plaintiff's First Set of Interrogatories will be sent under separate cover.

Please do not hesitate to contact me if you have comments or questions.

Very truly yours,

Lisa M. Hodes

Direct line: 617 338 2426
lhodes@sandw.com

cc:    Larry L. Varn, Esq. (w/o attachments)

{B0508862; 1}
BOSTON    NEW YORK    WASHINGTON, DC

# Exhibit D

## Dineen Jerrett, Michelle L.

**From:**  Hodes, Lisa M. [lhodes@sandw.com]
**Sent:**  Wednesday, April 12, 2006 9:14 AM
**To:**  Dineen Jerrett, Michelle L.
**Cc:**  Varn, Larry
**Subject:**  Mullinix v. Bogorad-Gross, et al.


Michelle:

I write in response to your email that I received on Monday, April 10, 2006. I will address the issues in the order that you presented them:

1. To clarify, Professor Bogorad's records do not contain any gift tax returns.

2. Pending the reconsideration of your position regarding our expert designation, as discussed below, we are willing to agree to videoconferencing if you take care of all of the technological issues associated with videoconferencing.  To be clear, the witnesses and their counsel will be in Washington, DC.

3. Your position on the timeliness of our expert designation is both mistaken and inconsistent. First, our designation was timely.  The deadline for designating experts was February 3, 2006. Through the Defendants' supplemental answers to interrogatories served on January 30, 2006, we timely notified you that we engaged Mr. Devine and would designate him as an expert pending our review of his appraisal report.  The appraisal and the appraisal report were delayed as a result of the dispute related to the terms of entry to Apartment 15B.  By way of review, we filed our Rule 34 Request for Entry Upon Land on January 25, 2006.  You objected to our Rule 34 Request on February 23, 2006, which forced us to file a motion to compel on March 2, 2006. Judge Young granted our motion to compel on March 17, 2006. We then scheduled the appraisal for March 31, 2006.  We received the appraisal report on April 6, 2006 and notified you the next day that we would designate Mr. Devine as our expert.

Second, your position contradicts the informal agreement that we have been working under regarding depositions. Per your suggestion to me, if a deposition is noticed before the fact discovery deadline, it is a non-issue if the deposition actually occurs beyond the fact discovery deadline. This concept is easily analogous to the situation at hand. We decided in January to pursue an appraisal and notified you before the February 3 deadline that we engaged Mr. Devine. The fact that his report arrived past February 3 should not be an issue. I note that the fact discovery deadline was March 10, 2006 and the depositions of James Gross, Cynthia Bogorad, Kiki Bogorad-Gross and Leonard Bogorad still remain. You cannot have it both ways.

If you take this issue to Judge Young, you will have to prove either prejudice or unfair surprise as a result of our designation.  As trial is many months away, you are in no way prejudiced.  Moreover, you cannot claim to be surprised because you have known about Mr. Devine for many months.  In fact, I received an email from Sara Solfanelli on March 30, 2006 requesting the contact information for Mr. Devine, our "designated expert," so you could notice his deposition.  We offered you this Thursday, April 13th, for his deposition and you declined.

Accordingly, I ask that you reconsider your position on our expert designation. I realize that, as a result of your position, the deadline for noticing Mr. Devine's deposition expired. If you reconsider your position, I am willing to work with you on this matter.


    Thanks,
    Lisa


Lisa M. Hodes

1

Attorney At Law

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T      617 338 2426
F      617 338 2880
lhodes@sandw.com
www.sandw.com

BOSTON    NEW YORK    WASHINGTON, DC

This message is intended to be confidential and may be legally privileged.  It is intended
solely for the addressee.  If you are not the intended recipient, please delete this
message from your system and notify us immediately.  Any disclosure, copying, distribution
or action taken or omitted to be taken by an unintended recipient in reliance on this
message is prohibited and may be unlawful.

Communications from our firm may contain or incorporate federal tax advice.  Under
recently promulgated US Internal Revenue Service (IRS) standards, we are required to
inform you that only formal, written tax opinions meeting IRS requirements may be relied
upon by taxpayers for the purpose of avoiding tax-related penalties.  Accordingly, this
communication is not intended or written to be used, and it cannot be used, for the
purpose of avoiding tax-related penalties under the Internal Revenue Code.  Please contact
a member of our law firm's Tax Department if you require a formal, written tax opinion
that satisfies applicable IRS requirements, or if you have any other questions regarding
federal tax advice.

# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN P. MULLINIX,          )
                               )
        Plaintiff,             )
                               )
        v.                     )      Civil Action
                               )      No. 04-12684-WGY
KIKI BOGORAD-GROSS and         )
LEONARD P. BOGORAD, as They    )
Are Executors of the Will of   )
Lawrence Bogorad,              )
                               )
        Defendants.            )

## DEFENDANT KIKI BOGORAD-GROSS' SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26, defendant Kiki Bogorad-Gross ("K. Bogorad-Gross"),

hereby supplements her answers to plaintiff Kathleen P. Mullinix's ("Plaintiff") First Set of

Interrogatories to Defendant Kiki Bogorad-Gross as set forth below. K. Bogorad-Gross

maintains the general and specific objections that she raised in her initial answers.

### Interrogatory No. 4

Please identify every person whom you expect to call as an expert witness at trial and every
person whom you have consulted as a potential expert witness in this case, whether or not you
intend to call such person as a witness at trial. For each person so listed, state:

        (a)     the subject matter on which the expert is expected to testify;

        (b)     the substance of the facts and opinions to which the expert is expected to
                   testify; and

        (c)     a summary of the grounds for each opinion.

### Response to No. 4

My counsel have advised that they engaged, and may call as an expert, Christopher
Devine from the real estate appraisal firm Mitchell, Maxwell & Jackson, Inc. to testify regarding

{B0483416; 1}

the current fair market value of the Plaintiff's cooperative apartment located at 1050 Fifth Avenue, Inc., Apartment 15B, in New York, NY (the "Apartment"). If Mr. Devine is called to testify as an expert, he will base his opinion on his investigation and appraisal of the Apartment.

Signed under the penalties of perjury this 27 day of January, 2006.

Kiki Bogorad-Gross

As to objections only:

Larry L. Varn (BBO # 508130)
Lisa M. Hodes (BBO # 660444)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

I hereby certify that a copy of the above document
was served on counsel of record for all parties
by hand/mail on _____.

- 2 -

{B0483416; 1}

the current fair market value of the Plaintiff's cooperative apartment located at 1050 Fifth Avenue, Inc., Apartment 15B, in New York, NY (the "Apartment"). If Mr. Devine is called to testify as an expert, he will base his opinion on his investigation and appraisal of the Apartment.

Signed under the penalties of perjury this ___ day of January, 2006.

_____
Kiki Bogorad-Gross

As to objections only:

_____
Larry L. Varn (BBO # 508130)
Lisa M. Hodes (BBO # 660444)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

I hereby certify that a copy of the above document
was served on counsel of record for all parties
by hand/mail on ___1/30/06___.

_____
Lisa M. Hodes

- 2 -

{B0483416; 1}

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN P. MULLINIX,              )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )        Civil Action
                                   )        No. 04-12684-WGY
KIKI BOGORAD-GROSS and             )
LEONARD P. BOGORAD, as They )
Are Executors of the Will of       )
Lawrence Bogorad,                  )
                                   )
        Defendants.                )

## DEFENDANT LEONARD P. BOGORAD'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26, defendant Leonard P. Bogorad ("L. Bogorad"), hereby

supplements his answer to plaintiff Kathleen P. Mullinix's ("Plaintiff") First Set of

Interrogatories to Defendant Leonard P. Bogorad as set forth below.  L. Bogorad maintains the

general and specific objections that he raised in his initial answers.

### Interrogatory No. 4

Please identify every person whom you expect to call as an expert witness at trial and every
person whom you have consulted as a potential expert witness in this case, whether or not you
intend to call such person as a witness at trial.  For each person so listed, state:

> (a)    the subject matter on which the expert is expected to testify;
>
> (b)    the substance of the facts and opinions to which the expert is expected to
>        testify; and
>
> (c)    a summary of the grounds for each opinion.

### Response to No. 4

My counsel have advised that they engaged, and may call as an expert, Christopher
Devine from the real estate appraisal firm Mitchell, Maxwell & Jackson, Inc. to testify regarding

{B0483415; 1}

the current fair market value of the Plaintiff's cooperative apartment located at 1050 Fifth Avenue, Inc., Apartment 15B, in New York, NY (the "Apartment"). If Mr. Devine is called to testify as an expert, he will base his opinion on his investigation and appraisal of the Apartment.

Signed under the penalties of perjury this 26th day of January, 2006.

Leonard Bogorad

As to objections only:

Larry L. Varn (BBO # 508130)
Lisa M. Hodes (BBO # 660444)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800

I hereby certify that a copy of the above document
was served on counsel of record for all parties
by hand/mail on _____ .

- 2 -

{B0483415; 1}

the current fair market value of the Plaintiff's cooperative apartment located at 1050 Fifth Avenue, Inc., Apartment 15B, in New York, NY (the "Apartment"). If Mr. Devine is called to testify as an expert, he will base his opinion on his investigation and appraisal of the Apartment.

Signed under the penalties of perjury this ___ day of January, 2006.

_____
Leonard Bogorad

As to objections only:

_Lisa M. Hodes_

Larry L. Varn (BBO # 508130)
Lisa M. Hodes (BBO # 660444)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800

I hereby certify that a copy of the above document
was served on counsel of record for all parties
by hand/mail on __1/30/06__.

_Lisa M. Hodes_

- 2 -

{B0483415; 1}