UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN P. MULLINIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | No. 04-12684-WGY |
| ) | |
| KIKI BOGORAD-GROSS and ) | |
| LEONARD P. BOGORAD, as They ) | |
| Are Executors of the Will of ) | |
| Lawrence Bogorad, ) | |
| ) | |
| Defendants. ) | |

## OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
## DEFENDANTS' DESIGNATION OF EXPERT WITNESS

Defendants Kiki Bogorad-Gross and Leonard Bogorad, as Executors of the Will of

Lawrence Bogorad (collectively, "Defendants"), by their attorneys, Sullivan & Worcester LLP,

hereby oppose Plaintiff's motion to strike Defendants' designation of their expert witness

("Plaintiff's Motion to Strike").  Plaintiff's own missteps preclude a finding of prejudice.

Furthermore, Plaintiff's Motion to Strike is a thinly-veiled attempt to exclude damaging material

evidence that negates the Plaintiff's estoppel claims.  Accordingly, the Court should deny

Plaintiff's Motion to Strike.

## I.    BACKGROUND

On December 22, 2004, the Plaintiff initiated this action and alleged an array of claims

that the late Professor Lawrence Bogorad ("Bogorad") made promises of future conduct totaling

hundreds of thousands of dollars to the Plaintiff and that these promises were not performed.

The Plaintiff did not and cannot produce a written agreement or a single scrap of paper to evidence the alleged promises.

To mask the Plaintiff's blatant lack of evidence, the Plaintiff pursued a haphazard scheme of discovery that not only failed to address any of the relevant issues in this case, but caused the Plaintiff to confuse her own claims. On the eve of the Defendants' depositions, the Plaintiff produced several intimate love letters between Bogorad and the Plaintiff. The Plaintiff then wasted several hours in the Defendants' depositions inquiring about their knowledge of the illicit long-term relationship between Plaintiff and Bogorad even though the Plaintiff knew the Defendants had no knowledge to that effect. The Plaintiff also battered the Defendants with an array of gratuitously painful questions relating to Bogorad's suicide attempt in the late 1990's. The Plaintiff hounded the Defendants for photos of the Bogorad family vacations and other irrelevant documents, such as documentation relating to Bogorad's net worth from 1999 until his death in 2003[1]. Neither the deposition inquiries, document requests nor love letters are relevant to the issue of whether Bogorad intended his gifts to the Plaintiff to constitute enforceable oral contracts. Having spent so much time and effort attempting to demonstrate Bogorad's love and affection for the Plaintiff, which the Defendants never contested, the Plaintiff lost sight of the relevant issues in this case, including the current market value of her Fifth Avenue Apartment that is the centerpiece of her Complaint.

As discussed below, the Plaintiff has known about the Defendants' intent to designate an expert witness since at least <u>January</u> <u>25</u>, <u>2006</u>, but the Plaintiff never designated a rebuttal witness or noticed the deposition of Defendants' prospective expert witness. The Plaintiff is now

---

[1] The Plaintiff alleges Bogorad made the promises to the Plaintiff commencing in November 2002.

attempting to strike the Defendants' expert witness to hide her own procedural errors and exclude damaging material evidence that is fatal to her estoppel claims.

## II.    ARGUMENT

### A.    Defendants Timely and Properly Notified the Plaintiff that the Defendants Engaged An Expert Real Property Appraiser.

If, as in this case, a party served with interrogatories has not yet decided to call a particular expert witness at trial, the party should state that fact and acknowledge that it will supplement its response in a timely manner if and when it decides to designate an expert witness. See Fed. R. Civ. P. 26(e); see also U.S. Health, Inc. v. Worcester, Lincoln, L.L.C., No. 20040531A, 2006 WL 620740, at *1 (Mass. Super. Ct. Feb. 15, 2006).  If, thereafter, the party decides that it will call an expert witness at trial, the party has a duty to supplement its earlier answer promptly.  See U.S. Health, 2006 WL 620740, at *1.

In January 2006, the Defendants decided to engage Christopher Devine, a real property appraiser at the New York appraisal firm Mitchell, Maxwell & Jackson ("Defendants' Expert" or "Mr. Devine").  The Plaintiff learned that the Defendants engaged Mr. Devine on or around January 25, 2006 when the Defendants' filed a Rule 34 Request for Entry Upon Land ("Rule 34 Request").  A true and accurate copy of the Rule 34 Request is attached hereto as **Exhibit A**. The Federal Rules of Civil Procedure allowed the Plaintiff thirty (30) days to respond to the Rule 34 Request; thus, the Defendants could not meet the expert designation deadline on February 3, 2006.  To remedy this issue in accordance with the Federal Rules and the case law, the Defendants properly supplemented their answers to the Plaintiff's interrogatories on January 30, 2006.  See id.  The Defendants' supplemental answers notified the Plaintiff that the Defendants engaged Mr. Devine as a potential expert witness and that the Defendants would designate Mr. Devine as an expert witness pending the review of his expert appraisal report.  See id.  A true

3

and accurate copy of the Defendants' supplemental answers to Plaintiff's interrogatories are attached hereto as **Exhibit B**.

The Plaintiff did not object to the form or timeliness of the notification on January 30, 2006 or thereafter. However, after reading the appraisal report and realizing that it undermines her case, the Plaintiff now objects that this notification was improper.

U.S. Health, decided under the cognate Massachusetts procedure, is instructive. In that case, the court ruled that the plaintiff complied with its discovery obligations where the plaintiff answered two expert interrogatories by stating that it had not yet made a decision to call an expert at trial and would supplement its response if it made such a decision in the future. Id. at *1-2. The court reasoned that the case had not yet been scheduled for a final pretrial conference, no firm trial date was assigned and it was unlikely the case would be tried within the next six months. Id. at *1. Likewise, this case has not been scheduled for a final pretrial conference and no firm trial date has been assigned. In fact, this case is scheduled for trial in October 2006—a full six months away.

The sole case cited in Plaintiff's Motion to Strike is inapposite. See MSM Indus., Inc. v. Zurich Am. Ins. Co., No. 93-12014-NG, 1997 WL 260059, at *5-7 (D. Mass. Mar. 25, 1997), aff'd, 125 F.3d 841 (1st Cir. Sep. 18, 1997). In MSM Industries, the plaintiffs filed a list of 17 names and addresses in lieu of the Fed. R. Civ. P. 26(a)(2) requirements. See id. at *5. The plaintiffs' list did not identify the individuals' fields of expertise or the substance and basis for their testimony. See id. The defendants approached the plaintiffs about the deficiencies in the plaintiffs' expert disclosures. See id. The defendants asked the plaintiffs to supplement their expert disclosures so that the defendants could prepare rebuttal expert witnesses. See id. After months of assuring the defendants that they would supplement their expert disclosures, the

4

plaintiffs ultimately argued that 15 of the 17 names were not subject to Fed. R. Civ. P. 26(a)(2) because those individuals were not "retained" or "specially employed" to provide expert testimony.  See id. at *7.  Judge Gertner determined that this argument was meritless and refused to grant the plaintiffs extra time to designate expert witnesses because the plaintiffs failed to supplement their original designations and disclosures after six months and one court-ordered extension.

The egregious facts in MSM Industries are distinguishable from this case.[2]  Here, unlike the plaintiffs in MSM Industries, the Defendants have never, at any time, argued that Mr. Devine is not subject to the Federal Rules.  Furthermore, the Defendants clearly identified Mr. Devine in their supplemental answers and there was never a question as to his identity, field of expertise or substance and basis of his future testimony.  Armed with this information, the Plaintiff could have prepared a rebuttal expert witness, but chose not to do so.

Accordingly, the Defendants complied with their discovery obligations when they supplemented their interrogatory answers to notify the Plaintiff that Defendants had engaged Mr. Devine.

**B.      The Plaintiff's Stonewalling Delayed the Expert Appraisal Report.**

The Plaintiff misleads the Court by emphasizing that the Defendants did not designate Mr. Devine until April 7, 2006, the deadline for expert depositions.  The Plaintiff conveniently omits any reference to Plaintiff's own trial tactics as the cause for the delay of the appraisal and, thus, the appraisal report.

---

[2] It is ironic that the Plaintiff cited MSM Industries because the defendants in that case engaged in extensive negotiations to obtain the plaintiffs' full expert disclosures.  Here, the Plaintiff never attempted to resolve any alleged issue with the Defendants, preferring instead to waste judicial resources when the issue could easily have been resolved between the parties.

On February 23, 2006, the Plaintiff imposed unreasonable restrictions on the Rule 34 Request, which forced the Defendants to file a motion to compel on March 2, 2006. This Court granted Defendants' motion to compel on March 17, 2006. The Defendants then scheduled the real property inspection for March 31, 2006, the earliest date available for the expert and the Plaintiff. The Defendants received the appraisal report on the afternoon of April 6, 2006 (only six calendar days after the inspection) and notified the Plaintiff the next day that Defendants would designate the real property appraiser as Defendants' expert.

To effectuate a formal expert designation in accordance with Fed. R. Civ. P. 26(a)(2)(B), the Defendants properly sent the Plaintiff (1) the appraisal report, (2) Mr. Devine's resume, and (3) the amount of Mr. Devine's compensation.[3] In the April 7, 2006 letter enclosing the expert designation package, the Defendants explained to the Plaintiff that Mr. Devine had never been published and that, due to Mr. Devine's own confidentiality obligations, he would not release the names of the cases in which he has testified. The Defendants also enclosed a second set of supplemental answers to Plaintiff's interrogatories. Thus, the Defendants effectuated a proper designation pursuant to Fed. R. Civ. P. 26(a)(2)(B).

## C. Any Alleged Prejudice Suffered By The Plaintiff Is A Self-Inflicted Wound.

Plaintiff's Motion to Strike should be denied because the Plaintiff has known the identity of the Defendants' Expert for over three months, had ample time to prepare, and chose to do nothing. See Derby Ref. Co. v. City of Chelsea, 407 Mass. 703, 716 n.11 (1990) (finding no error where trial court allowed expert testimony despite delay in

---

[3] The Defendants cannot attach the expert report to this Motion because the Plaintiff designated it as Confidential. The Protective Order, as amended by this Court, does not allow Confidential information to be filed with the Court; however the report is available to the Court upon request.

{B0512938; 2}

expert disclosures).  Moreover, the appraisal report is vital to a fair analysis of the issues

in the case.  See id.

Although the Plaintiff has known about Defendants' Expert since at least January

25, 2006, the Plaintiff did not, at any time, designate a rebuttal expert witness or notice

the deposition of Defendants' Expert.  Instead, as mentioned above, the Plaintiff

embarked on a misguided mission to prove Bogorad's love for the Plaintiff.  The

Plaintiff should not now be allowed to cry "prejudice" as a result of her own

misdirection.

The Plaintiff misleads the Court by claiming she was unable to "digest" the expert report

and determine whether an expert deposition was needed.  In fact, the Plaintiff made her intention

to depose the Defendants' Expert known the day before the appraisal.  On March 30, 2006,

Plaintiff's counsel emailed Defendants' counsel and stated:

> I am writing to inquire about the contact information for
> Christopher Devine of Mitchell, Maxwell & Jackson, your
> designated expert for the appraisal. . . .  As you may expect, we
> plan on noticing a deposition of Mr. Devine. . . .  [W]e intend
> to notice Mr. Devine's deposition for April 7.  Please let me know
> if that date will present a conflict because, as you know, it is the
> last day for expert depositions.

A true and accurate copy of the March 30, 2006 email from Sara Solfanelli to Lisa M. Hodes is

attached hereto as **Exhibit C**.  That same day, Defendants' counsel responded to Plaintiff's

counsel that the expert could not yet be formally designated because the Defendants had not

received the expert report.  "However. . . he and we are available April 13 at 11 a.m.  We can

make him available at 11:00 a.m. in a conference room at our New York City office . . . ."  A

true and accurate copy of the March 30, 2006 email from Lisa M. Hodes to Sara Solfanelli is

7

attached hereto as **Exhibit D**. The Plaintiff failed to respond to this invitation.[4] On April 12,

2006, the Defendants again reached out to attempt to help the Plaintiff find a suitable deposition

date. A true and accurate copy of the April 12, 2006 email from Lisa M. Hodes to Michelle

Dineen Jerrett is attached hereto as **Exhibit E**. That invitation remains unanswered.

### III.    CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion to Strike.

> KIKI BOGORAD-GROSS and
> LEONARD P. BOGORAD, as
> they are the Executors of the Will
> of Lawrence Bogorad,
>
> By their attorneys,

April 24, 2006

> /s/ Lisa M. Hodes
> Larry L. Varn (BBO # 508130)
> Lisa M. Hodes (BBO # 660444)
> SULLIVAN & WORCESTER LLP
> One Post Office Square
> Boston, Massachusetts 02109
> (617) 338-2800
> lvarn@sandw.com
> lhodes@sandw.com

<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 24, 2006.

/s/ Lisa M. Hodes

---

[4] Plaintiff's argument that the Defendants never attempted to reach an agreement with the Plaintiff further misleads the Court. At the outset of this case, Plaintiff's counsel approached Defendants' counsel and suggested that the parties operate under an informal agreement whereby a deposition that occurred after the fact deposition deadline is still valid as long as it was noticed before the fact deposition deadline. For example, Plaintiff currently seeks to depose the parties' spouses and <u>further</u> depose the parties even though the fact deposition deadline expired on March 10, 2006. Despite this informal agreement, Plaintiff refused to notice the deposition of Mr. Devine, presumably so they could cry "prejudice" in Plaintiff's Motion to Strike.

8

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN P. MULLINIX,<br><br>Plaintiff,<br><br>v.<br><br>KIKI BOGORAD-GROSS and<br>LEONARD P. BOGORAD, as They<br>Are Executors of the Will of<br>Lawrence Bogorad,<br><br>Defendants. | Civil Action<br>No. 04-12684-WGY |

## DEFENDANTS' REQUEST FOR ENTRY UPON LAND
## FOR INSPECTION OF PREMISES

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants Kiki Bogorad-Gross and Leonard Bogorad, as the Executors of the Will of Lawrence Bogorad, hereby request that Plaintiff Kathleen P. Mullinix permit the Defendants, their counsel and/or Mitchell, Maxwell & Jackson, Inc., their designated representatives, entry upon her residential premises located at 1050 Fifth Avenue, Apartment 15B, in New York, New York on February 27, 2006 at 10:00 a.m. for the purposes of inspecting, measuring, surveying, photographing and videotaping the premises.

KIKI BOGORAD-GROSS and
LEONARD P. BOGORAD, as
they are the Executors of the Will
of Lawrence Bogorad

By their attorneys,

January 25, 2006

*Lisa M. Hodes*

Larry L. Varn (BBO # 508130)
Lisa M. Hodes (BBO # 660444)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
lvarn@sandw.com
(617) 338-2800

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy
of the above document was served upon the attorney
of record for each party by mail/by hand.
Date: 1/25/2006

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KATHLEEN P. MULLINIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | No. 04-12684-WGY |
| KIKI BOGORAD-GROSS and | ) | |
| LEONARD P. BOGORAD, as They | ) | |
| Are Executors of the Will of | ) | |
| Lawrence Bogorad, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LEONARD P. BOGORAD'S SUPPLEMENTAL ANSWERS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 26, defendant Leonard P. Bogorad ("L. Bogorad"), hereby

supplements his answer to plaintiff Kathleen P. Mullinix's ("Plaintiff") First Set of

Interrogatories to Defendant Leonard P. Bogorad as set forth below.  L. Bogorad maintains the

general and specific objections that he raised in his initial answers.

**Interrogatory No. 4**

Please identify every person whom you expect to call as an expert witness at trial and every
person whom you have consulted as a potential expert witness in this case, whether or not you
intend to call such person as a witness at trial.  For each person so listed, state:

    (a)    the subject matter on which the expert is expected to testify;

    (b)    the substance of the facts and opinions to which the expert is expected to
           testify; and

    (c)    a summary of the grounds for each opinion.

**Response to No. 4**

My counsel have advised that they engaged, and may call as an expert, Christopher
Devine from the real estate appraisal firm Mitchell, Maxwell & Jackson, Inc. to testify regarding

{B0483415; 1}

the current fair market value of the Plaintiff's cooperative apartment located at 1050 Fifth Avenue, Inc., Apartment 15B, in New York, NY (the "Apartment"). If Mr. Devine is called to testify as an expert, he will base his opinion on his investigation and appraisal of the Apartment.

Signed under the penalties of perjury this 4th day of January, 2006.

Leonard Bogorad
Leonard Bogorad

As to objections only:

Larry L. Varn (BBO # 508130)
Lisa M. Hodes (BBO # 660444)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800

I hereby certify that a copy of the above document was served on counsel of record for all parties by hand/mail on _____.

- 2 -

{B0483415; 1}

the current fair market value of the Plaintiff's cooperative apartment located at 1050 Fifth Avenue, Inc., Apartment 15B, in New York, NY (the "Apartment").  If Mr. Devine is called to testify as an expert, he will base his opinion on his investigation and appraisal of the Apartment.

Signed under the penalties of perjury this __ day of January, 2006.

_____

Leonard Bogorad

As to objections only:

_Lisa M. Hodes_

Larry L. Varn (BBO # 508130)
Lisa M. Hodes (BBO # 660444)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts  02109
(617) 338-2800

I hereby certify that a copy of the above document
was served on counsel of record for all parties
by hand/mail on __1/30/06__ .

_Lisa M. Hodes_

- 2 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN P. MULLINIX,                    )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )        Civil Action
                                         )        No. 04-12684-WGY
KIKI BOGORAD-GROSS and                   )
LEONARD P. BOGORAD, as They              )
Are Executors of the Will of             )
Lawrence Bogorad,                        )
                                         )
        Defendants.                      )

## DEFENDANT KIKI BOGORAD-GROSS' SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26, defendant Kiki Bogorad-Gross ("K. Bogorad-Gross"),

hereby supplements her answers to plaintiff Kathleen P. Mullinix's ("Plaintiff") First Set of

Interrogatories to Defendant Kiki Bogorad-Gross as set forth below.  K. Bogorad-Gross

maintains the general and specific objections that she raised in her initial answers.

### Interrogatory No. 4

Please identify every person whom you expect to call as an expert witness at trial and every
person whom you have consulted as a potential expert witness in this case, whether or not you
intend to call such person as a witness at trial.  For each person so listed, state:

        (a)     the subject matter on which the expert is expected to testify;

        (b)     the substance of the facts and opinions to which the expert is expected to
                testify; and

        (c)     a summary of the grounds for each opinion.

### Response to No. 4

My counsel have advised that they engaged, and may call as an expert, Christopher
Devine from the real estate appraisal firm Mitchell, Maxwell & Jackson, Inc. to testify regarding

the current fair market value of the Plaintiff's cooperative apartment located at 1050 Fifth Avenue, Inc., Apartment 15B, in New York, NY (the "Apartment"). If Mr. Devine is called to testify as an expert, he will base his opinion on his investigation and appraisal of the Apartment.

Signed under the penalties of perjury this 27 day of January, 2006.

_Kiki Bogorad-Gross_
Kiki Bogorad-Gross

As to objections only:

_Lisa M. Hodes_
Larry L. Varn (BBO # 508130)
Lisa M. Hodes (BBO # 660444)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

I hereby certify that a copy of the above document was served on counsel of record for all parties by hand/mail on 1/30/06.

_Lisa M. Hodes_

- 2 -

{B0483416; 1}

# Exhibit C

## Hodes, Lisa M.

| | |
|---|---|
| **From:** | Solfanelli, Sara E. [SSolfanelli@choate.com] |
| **Sent:** | Thursday, March 30, 2006 11:12 AM |
| **To:** | Hodes, Lisa M. |
| **Cc:** | Dineen Jerrett, Michelle L.; Golding, Heather A.; Kenna, Larry |
| **Subject:** | Expert Witness |

Hi Lisa,
I am writing to inquire about the contact information for Christopher Devine of Mitchell, Maxwell & Jackson, your designated expert for the appraisal. There is no contact information provided in your clients' Supplemental Answers to Interrogatories. As you may expect, we plan on noticing a deposition of Mr. Devine.
I have a few questions, which may make this process go a bit smoother. Will you agree to accept service of Mr. Devine's Notice of Deposition, or will you require that we serve him with a subpoena and the notice? Also, will you make him available to be deposed in Boston, or should we notice it for a location in New York? And, finally, we intend to notice Mr. Devine's deposition for April 7. Please let me know if that date will present a conflict because, as you know, it is the last day for expert depositions.

Please let me know your thoughts as soon as possible, as I would like to get the notice out today. Please feel free to call me directly with any questions or to discuss.
Thanks much,
Sara

Sara E. Solfanelli
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-5080
f 617-248-4000
ssolfanelli@choate.com
www.choate.com

Confidentiality Statement:

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

# Exhibit D

## Hodes, Lisa M.

| | |
|---|---|
| **From:** | Hodes, Lisa M. |
| **Sent:** | Thursday, March 30, 2006 3:13 PM |
| **To:** | 'Solfanelli, Sara E.' |
| **Cc:** | Dineen Jerrett, Michelle L.; Varn, Larry |
| **Subject:** | RE: Expert Witness |

Sara:

As you know, we have not yet designated Chris Devine as our expert witness. However, following the receipt of his report, if and when we do designate him, he and we are available April 13 at 11 a.m. We can make him available at 11:00 a.m. in a conference room at our New York City office at 1290 Avenue of the Americas on the condition that you are to compensate him for his time. I have asked him to forward me his standard schedule of fees for depositions.

We will accept service for him.

Please let me know if you have comments or questions.

Thanks,
Lisa

> -----Original Message-----
> **From:** Solfanelli, Sara E. [mailto:SSolfanelli@choate.com]
> **Sent:** Thursday, March 30, 2006 11:12 AM
> **To:** Hodes, Lisa M.
> **Cc:** Dineen Jerrett, Michelle L.; Golding, Heather A.; Kenna, Larry
> **Subject:** Expert Witness
>
> Hi Lisa,
> I am writing to inquire about the contact information for Christopher Devine of Mitchell, Maxwell & Jackson, your designated expert for the appraisal. There is no contact information provided in your clients' Supplemental Answers to Interrogatories. As you may expect, we plan on noticing a deposition of Mr. Devine.
> I have a few questions, which may make this process go a bit smoother. Will you agree to accept service of Mr. Devine's Notice of Deposition, or will you require that we serve him with a subpoena and the notice? Also, will you make him available to be deposed in Boston, or should we notice it for a location in New York? And, finally, we intend to notice Mr. Devine's deposition for April 7. Please let me know if that date will present a conflict because, as you know, it is the last day for expert depositions.
>
> Please let me know your thoughts as soon as possible, as I would like to get the notice out today. Please feel free to call me directly with any questions or to discuss.
> Thanks much,
> Sara
>
> Sara E. Solfanelli
> Choate, Hall & Stewart LLP
> Two International Place
> Boston, MA 02110
> t 617-248-5080
> f 617-248-4000
> ssolfanelli@choate.com
> www.choate.com

# Exhibit E

**Hodes, Lisa M.**

| | |
|---|---|
| **From:** | Hodes, Lisa M. |
| **Sent:** | Wednesday, April 12, 2006 9:14 AM |
| **To:** | 'Dineen Jerrett, Michelle L.' |
| **Cc:** | Varn, Larry |
| **Subject:** | Mullinix v. Bogorad-Gross, et al. |

Michelle:

I write in response to your email that I received on Monday, April 10, 2006. I will address the issues in the order that you presented them:

1. To clarify, Professor Bogorad's records do not contain any gift tax returns.

2. Pending the reconsideration of your position regarding our expert designation, as discussed below, we are willing to agree to videoconferencing if you take care of all of the technological issues associated with videoconferencing. To be clear, the witnesses and their counsel will be in Washington, DC.

3. Your position on the timeliness of our expert designation is both mistaken and inconsistent. First, our designation was timely. The deadline for designating experts was February 3, 2006. Through the Defendants' supplemental answers to interrogatories served on January 30, 2006, we timely notified you that we engaged Mr. Devine and would designate him as an expert pending our review of his appraisal report. The appraisal and the appraisal report were delayed as a result of the dispute related to the terms of entry to Apartment 15B. By way of review, we filed our Rule 34 Request for Entry Upon Land on January 25, 2006. You objected to our Rule 34 Request on February 23, 2006, which forced us to file a motion to compel on March 2, 2006. Judge Young granted our motion to compel on March 17, 2006. We then scheduled the appraisal for March 31, 2006. We received the appraisal report on April 6, 2006 and notified you the next day that we would designate Mr. Devine as our expert.

Second, your position contradicts the informal agreement that we have been working under regarding depositions. Per your suggestion to me, if a deposition is noticed before the fact discovery deadline, it is a non-issue if the deposition actually occurs beyond the fact discovery deadline. This concept is easily analogous to the situation at hand. We decided in January to pursue an appraisal and notified you before the February 3 deadline that we engaged Mr. Devine. The fact that his report arrived past February 3 should not be an issue. I note that the fact discovery deadline was March 10, 2006 and the depositions of James Gross, Cynthia Bogorad, Kiki Bogorad-Gross and Leonard Bogorad still remain. You cannot have it both ways.

If you take this issue to Judge Young, you will have to prove either prejudice or unfair surprise as a result of our designation. As trial is many months away, you are in no way prejudiced. Moreover, you cannot claim to be surprised because you have known about Mr. Devine for many months. In fact, I received an email from Sara Solfanelli on March 30, 2006 requesting the contact information for Mr. Devine, our "designated expert," so you could notice his deposition. We offered you this Thursday, April 13th, for his deposition and you declined.

Accordingly, I ask that you reconsider your position on our expert designation. I realize that, as a result of your position, the deadline for noticing Mr. Devine's deposition expired. If you reconsider your position, I am willing to work with you on this matter.

Thanks,
Lisa

**Lisa M. Hodes**
**Attorney At Law**

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T  617 338 2426
F  617 338 2880
lhodes@sandw.com
www.sandw.com

1