UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KATHLEEN P. MULLINIX,           )<br>                                                )<br>    Plaintiff,                             )<br>                                                )<br>    v.                                       )<br>                                                )<br>KIKI BOGORAD-GROSS and  )<br>LEONARD P. BOGORAD, as They )<br>Are Executors of the Will of         )<br>Lawrence Bogorad,                    )<br>                                                )<br>    Defendants.                         )<br>                                                ) | Civil Action<br>No. 04-12684-WGY |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO UNDESIGNATE AS CONFIDENTIAL DOCUMENTS
COOP 00031-32, COOP 00050-53, AND COOP 00054**

Pursuant to Paragraphs 2(f) and 17 of the Protective Order, as modified by this Court on March 7, 2006, Defendants hereby challenge and moved the Court to remove the confidentiality designation of documents COOP 00031-32, COOP 00050-53 and COOP 00054 ("<u>Documents</u>") in order to file them with Defendants' anticipated reply brief to Plaintiff's opposition to Defendants' Motion for Summary Judgment.[1]

In a letter to Plaintiff's counsel on May 18, 2006, Defendants requested that the Plaintiff undesignate the Documents as confidential and promised reciprocal cooperation as appropriate. A true and accurate copy of the May 18, 2006 letter from Lisa M. Hodes to Larry Kenna and Sara E. Solfanelli is attached hereto as **Exhibit A**. On May 19, 2006 Plaintiff's counsel refused to undesignate the Documents as confidential, citing the Plaintiff's "privacy" concerns. A true

---

[1] On account of the Protective Order, Defendants are not filing the three (3) documents at issue with the Court. However, they are available, for *in camera* inspection or otherwise, if the Court so directs.

{B0522009; 2}

and accurate copy of the letter from Sara E. Solfanelli to Lisa M. Hodes is attached here to as **Exhibit B.**

The notion that the <u>Plaintiff</u> (who has, by unilaterally bringing this lawsuit, effected an enormous intrusion into the Defendants' lives through her salacious allegations of an illicit love affair) can assert any privacy right in documents that are material to the defense of this case is preposterous. COOP 31-32 is part of the Plaintiff's application to the Board of the 1050 Fifth Avenue Cooperative Association ("<u>Cooperative</u> <u>Board</u>") and was produced by the Cooperative Board, without restriction, well prior to the entry of the Protective Order. It contains the Plaintiff's address, home and business phone numbers, social security number, income for 2002 and 2003, educational background, the names and addresses of the Plaintiff's personal references, and requested the names of the proposed occupants of the Apartment. Apart from the Plaintiff's social security number, which could be easily redacted, the document contains nothing that is particularly confidential and certainly not of sufficient confidentiality so as to preclude its use as evidence.

COOP 50-53 and COOP 54, also produced by the Cooperative Board without restriction, both relate to the Plaintiff's finances. The former is Plaintiff's financial statement to the Cooperative Board. Similarly, COOP 54 is a letter to the Cooperative Board where Plaintiff explains her financial resources. Both of these documents are important to Defendants' ability to demonstrate that the Plaintiff never relied on Bogorad as a source of funding for her new apartment on Fifth Avenue, an issue which is at the very core of this case. Accordingly, Defendants respectfully request that this Court undesignate the Documents as confidential and allow them to be filed with the Court.

{B0522009; 2}

                                                    KIKI BOGORAD-GROSS and
LEONARD P. BOGORAD, as
they are the Executors of the Will
of Lawrence Bogorad,

By their attorneys,

May 25, 2006                                              /s/ Lisa M. Hodes
                                                           Larry L. Varn (BBO # 508130)
Lisa M. Hodes (BBO # 660444)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
lvarn@sandw.com
lhodes@sandw.com

## **FEDERAL RULE 26(c) AND LOCAL RULES 7.1(A)(2) AND 37.1 CERTIFICATE**

Counsel for Defendants has made a good-faith effort to resolve this dispute without court action. Counsel for Defendants and counsel for Plaintiff have exchanged emails and have held multiple phone conferences, but have been unable to reach agreement.

                                        /s/ Lisa M. Hodes

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 25, 2006.

                                        /s/ Lisa M. Hodes

{B0522009; 2}

# EXHIBIT A



Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

May 18, 2006

**BY HAND**

Larry Kenna, Esq.
Sara E. Solfanelli, Esq.
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110

Re:   Mullinix v. Bogorad-Gross, et al.

Dear Larry and Sara:

As you know, Judge Young's modification of the protective order in this case prohibits confidential documents from being filed with the Court. On Friday, May 12, 2006, we filed a letter requesting guidance from Judge Young on how to file confidential documents with the Court to support our motion for summary judgment. In response, I received a call from Bonnie Smith, Judge Young's clerk, explaining that Judge Young does not allow documents to be filed under seal. She suggested that the documents be redacted or that the parties negotiate the confidentiality designation. Alternatively, under the protective order we can file a motion to challenge the confidentiality designation of the documents.

I write to request that you un-designate as confidential the following documents, all of which were produced by 1050 Fifth Avenue, Inc., a non-party, pursuant to a subpoena and as to which there were no confidentiality restrictions at the time of production:

1. COOP 00050-53 (Your client's financial statement in her 1050 Fifth Avenue Board package);

2. COOP 00054 (Letter from your client to 1050 Board of Directors regarding her finances); and

3. COOP 00031-32 (Part of your client's application to 1050 Fifth Avenue Cooperative Association).

We have designated all of Professor Bogorad's estate documents and the documents produced from the financial institutions as confidential. We will appreciate your cooperation on this matter and you can expect reciprocal cooperation from us as appropriate. As you might appreciate, given the scheduling of this matter, I need to hear back from you quite promptly. If we are not in accord, we will move the Court for an order removing the confidentiality designation from these three (3) documents.

{B0520036; 1}
BOSTON   NEW YORK   WASHINGTON, DC

Larry Kenna, Esq.
Sara E. Solfanelli, Esq.
Page 2
May 18, 2006


Please do not hesitate to contact me if you have comments or questions.

Very truly yours,

*Lisa M. Hodes*
Lisa M. Hodes

Direct line: 617 338 2426
lhodes@sandw.com


cc:     Larry L. Varn, Esq.
        Michelle Dineen Jerrett, Esq.

{B0503926; 2}

# EXHIBIT B



CHOATE HALL & STEWART LLP

Sara E. Solfanelli
(617) 248-5080
ssolfanelli@choate.com

May 19, 2006

Lisa M. Hodes, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

Re:  *Kathleen P. Mullinix v. Kiki Bogorad-Gross, et al.*

Dear Lisa:

I write in response to your letter requesting that we un-designate as confidential certain documents produced by 1050 Fifth Avenue, Inc. We cannot un-designate the documents that you specify in your letter.

One of the primary purposes for the protective order is to ensure the confidentiality of Ms. Mullinix's personal information, i.e. information relating to her finances. These documents are particularly sensitive and reveal the precise information that our client wishes to keep confidential. Additionally, it does not seem possible to redact these documents in a way that would satisfy either side's purpose.

Very truly yours,

Sara E. Solfanelli

cc:   Larry C. Kenna, Esq.
      Michelle L. Dineen Jerrett, Esq.
      Heather A. Golding, Esq.