UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN P. MULLINIX,<br><br>       Plaintiff,<br><br>       v.<br><br>KIKI BOGORAD-GROSS and LEONARD P.<br>BOGORAD, As They Are Executors of the Will of<br>Lawrence Bogorad,<br><br>       Defendants. | Civil Action No. 04-12684-WGY |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, plaintiff Kathleen P. Mullinix hereby moves the Court to grant summary judgment with respect to defendants Kiki Bogorad-Gross and Leonard P. Bogorad's (collectively, the "Defendants") counter-claim for the imposition of a constructive or resulting trust on Ms. Mullinix's property for the benefit of Lawrence Bogorad's ("Mr. Bogorad") estate in the event that she prevails on her claims.

1. Ms. Mullinix filed this action when the Defendants refused to honor Mr. Bogorad's obligations to her concerning renovations to her apartment. Mr. Bogorad entered valid and binding agreements with Ms. Mullinix. Mr. Bogorad induced Ms. Mullinix to sell her apartment in New York City and to buy another apartment, which would require considerable financial commitments. The *only* reason Ms. Mullinix sold her apartment and bought a new one was because Mr. Bogorad committed to pay for the renovations relating to the new apartment, the monthly maintenance fees related to the apartment, one-half the storage costs while the new

4087689v1

apartment was being renovated and one-half the tax consequences from the sale of her apartment.

2. This Motion concerns the Defendants' counter-claim that requests the Court to impose a constructive or resulting trust on the new apartment for the benefit of Mr. Bogorad's estate in the event Ms. Mullinix prevails on her breach of contract or estoppel claims. There are no issues of material fact that remain in dispute relating to the elements necessary to impose a constructive or resulting trust.

3. This counter-claim cannot survive summary judgment because it is undisputed that (1) Mr. Bogorad did not provide *any* funds toward the purchase price of the property; (2) there was never a promise, agreement or intent that Mr. Bogorad would enjoy an ownership interest in the property; and (3) at no time was there a transfer from Mr. Bogorad to Ms. Mullinix in reliance on a promise that Mr. Bogorad would have an interest in the property. The undisputed facts, as a matter of law, prohibit the imposition of any trust.

4. The Plaintiff respectfully requests the Court grant this Motion for Partial Summary Judgment relating to the Defendants' counter-claim for the reasons set forth in the accompanying Memorandum In Support Of Plaintiff's Motion For Partial Summary Judgment.

                                              Respectfully submitted,

                                              KATHLEEN P. MULLINIX,
                                              By her attorneys,

/s/ Sara E. Solfanelli
Larry C. Kenna (BBO # 267760)
Michelle L. Dineen Jerrett (BBO #634930)
Sara E. Solfanelli (BBO #658018)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Tel: (617) 248-5000

Date:   June 5, 2006

4087689v1

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 5, 2006.

/s/ Sara E. Solfanelli

4087165v2