UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN P. MULLINIX, )
)
Plaintiff, )
)
v. ) Civil Action No. 04-12684-WGY
)
KIKI BOGORAD-GROSS and LEONARD P. )
BOGORAD, As They Are Executors of the Will of )
Lawrence Bogorad, )
)
Defendants. )
)

**OPPOSITION TO DEFENDANTS' MOTION TO UNDESIGNATE AS CONFIDENTIAL DOCUMENTS COOP 00031-32, COOP 00050-53, AND COOP 00054**

Plaintiff, Kathleen P. Mullinix ("Mullinix" or the "Plaintiff"), by her attorneys, Choate, Hall & Stewart, LLP, respectfully submits this opposition to the Defendants', Kiki Bogorad-Gross and Leonard P. Bogorad's, Motion to Undesignate as Confidential Documents COOP 00031-32, COOP 00050-53, and COOP 00054 (the "Motion"). The documents at issue were specifically designated as confidential, "For Attorneys' Eyes Only," under a carefully negotiated protective order entered by this Court on March 7, 2006 (the "Protective Order"). The sensitive financial information contained in these documents exemplifies the very reason the Protective Order was necessary.

On or about October 5, 2005, the Defendants served a subpoena *duces tecum* on 1050 Fifth Avenue, Inc., the cooperative housing corporation of the building where Ms. Mullinix's apartment is located (the "Apartment"). In response to the subpoena, the entity produced documents relating to the Plaintiff and/or her purchase of the Apartment, including documents

containing personal, private and confidential information such as tax returns and other financial information. At the time these documents were produced, the Plaintiff informed the Defendants that she viewed many of these materials to be confidential and the parties agreed to treat the documents as "For Attorneys' Eyes Only" until such time as they could enter into a stipulated protective order. Affidavit of Michelle Dineen Jerrett, Esq. (hereinafter, "MDJ Aff.") at ¶ 3. Thereafter, the Plaintiff unsuccessfully attempted to negotiate the terms of a stipulated protective order with the Defendants. When those negotiations failed, the Plaintiff moved this Court for entry of a protective order. *See* Plaintiff's Motion For Entry Of Protective Order Governing The Disclosure And Use Of Confidential Documents And Other Confidential Information (the "Motion for a Protective Order").

The district court may issue a protective order, including an order fixing the terms of disclosure, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c). The Court granted the Plaintiff's Motion for a Protective Order and entered a modified protective order on March 7, 2006. The documents produced by 1050 Fifth Ave., Inc., including COOP 00031-32, COOP 00050-53 and COOP 00054, remained designated "For Attorneys' Eyes Only." *See* MDJ Aff. at ¶ 5.

Massachusetts and New York law acknowledge the sensitive nature of an individual's financial information. *See Town Taxi Inc. v. Police Comm'r of Boston*, 377 Mass. 576 (1979); *Cadrin v. Trans Spec Truck Serv., Inc.*, 17 Mass. L. Rptr. 121 (Mass. Super. 2003); *Williams v. N.Y. City Hous. Auth.*, 802 N.Y.S.2d 55, 56 (2005). On account of the personal nature of this action, all parties -- including the Defendants as evidenced by their unsuccessful Motion for a Protective Order -- have been sensitive to issues of privacy. Portions of the discovery in this case involve highly-sensitive, private, confidential information of the parties involved, including

but not limited to the tax returns, financial statements and an appraisal and photographs of the interior of the Plaintiff's Apartment. The Protective Order is in place to ensure that such financial, private and personal information remains confidential.

The Defendants, however, now seek to undesignate documents that contain, quite pointedly, the very confidential financial information that the Protective Order was created to protect. The documents reveal the Plaintiff's most private financial information, including a formal financial statement and a "statement of assets and liabilities" (*i.e.* bank account information, value of her real and personal property, and the value of *all* of her investments and retirement plans), and private information regarding the finances of her business, her inheritances and her salary. These documents reveal precisely what the Plaintiff sought to keep confidential. The Defendants cunningly imply that these private documents are not protected because they were produced prior to the entry of the Protective Order. This contradicts the express agreement between the parties that these specific documents be marked "For Attorneys' Eyes Only." MDJ Aff. at ¶¶ 3-5. The Defendants also insinuate that because the Plaintiff brought this suit and "effected an enormous intrusion into the Defendants' lives", she is not entitled to the privacy rights not only recognized by both New York and Massachusetts courts, but also by *this Court* in entering the Protective Order. As evidenced by the Defendants' Motion

for Summary Judgment, their alleged defenses are in no way compromised by abiding by the agreed upon terms of the Protective Order and the applicable law.[1]

Just as with the Defendants' unreasonable refusal to stipulate to the protective order proposed by the Plaintiff, their motion to undesignate certain documents as confidential is yet another example of the shenanigans they have used in this case. Despite this attempt, the fact remains that the documents the Defendants seek to undesignate deserve the protection afforded by this Court, and nothing in their motion justifies stripping the Plaintiff of that protection.

For the reasons set forth above, the Plaintiff respectfully requests the Court DENY the Defendants' Motion to Undesignate as Confidential Documents COOP 00031-32, COOP 00050-53, and COOP 00054.

>Respectfully submitted,
>
>KATHLEEN P. MULLINIX,
>By her attorneys,
>
>/s/ Sara E. Solfanelli
>Larry C. Kenna (BBO # 267760)
>Michelle L. Dineen Jerrett (BBO # 634930)
>Sara E. Solfanelli (BBO # 658018)
>CHOATE, HALL & STEWART LLP
>Two International Place
>Boston, Massachusetts 02110
>Tel: (617) 248-5000
>Fax: (617) 248-4000

June 8, 2006

---

[1] The Defendants filed a Motion for Summary Judgment erroneously asserting that they did not breach the contract between Lawrence Bogorad ("Mr. Bogorad") and the Plaintiff because, essentially, it is undisputed that (1) Mr. Bogorad intended that his commitment to pay for renovations, maintenance fees, storage costs, tax consequences and living expenses be in the form of a gift; and (2) the Plaintiff did not suffer any injury by relying on Mr. Bogorad's commitments. The Defendants' arguments fail because these are *not* undisputed facts. The Plaintiff has offered evidence that supports that Mr. Bogorad, in fact, did not have the requisite "donative intent" when entering this unambiguous agreement with the Plaintiff. Furthermore, the Plaintiff has plainly suffered by having to pay from her own funds for the very obligations for which Mr. Bogorad promised to pay. In any event, the Defendants do not need the information contained in COOP 00031-32, COOP 00050-53 and COOP 00054 to support their alleged defenses. These documents in no way whatsoever address whether or not Mr. Bogorad intended his payments to be a "gift" to the Plaintiff, nor do they contradict the fact that the Plaintiff paid for the renovations to the Apartment, the monthly maintenance fees for the Apartment, 100% of the tax consequences from the sale of her first apartment, 100% of the storage costs and temporary living expenses. Lifting the confidentiality designation from these documents does nothing more than deprive the Plaintiff of the privacy the Protective Order ensures.

-4-

-5-

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 8, 2006.

/s/ Sara E. Solfanelli

4087109v1