UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATHLEEN P. MULLINIX, )
)
Plaintiffs, )
)
v. ) CIVIL ACTION
) NO. 04-12684-WGY
KIKI BOGORAD-GROSS & )
LEONARD BOGORAD )
As Executors of the Will of )
Leonard Bogorad, )
Defendants. )

MEMORANDUM AND ORDER

YOUNG, D.J.                                                July 18, 2006

At the July 13, 2006 motion hearing, the Court made certain rulings and took other matters under advisement. Specifically the Court ruled that Kiki Bogorad-Gross and Leonard Bogorad ("the Executors") Motion for Summary Judgment [Doc. No. 33] was ALLOWED IN PART as to Counts II - V & Count VII of the Complaint. Count II - the contract claim for monthly maintenance payments, see Compl. ¶¶ 40-43 [Doc. No. 1] - was barred by the Statute of Frauds. Count VII - the promissory estoppel claim for monthly maintenance payments, see id. ¶¶ 62-66 - was also barred by the Statute of Frauds absent a showing of unconscionable injury. As to Counts III - V, see id. ¶¶ 44-56 - the contract claims for storage fees, capital gains tax and the stay at the Lexington

home - there was simply no evidence in the record as to the existence of any "bargained-for exchange of promises or performance", Ferguson v. Lion Holding, Inc., 312 F. Supp. 2d 484, 494 (S.D.N.Y. 2004), sufficient to constitute consideration. Finally, the Court ruled that Kathleen Mullinix's ("Mullinix") Cross Motion for Summary Judgment [Doc. No. 51] was DENIED.

The Court has now considered those issues taken under advisement at the hearing on July 13, 2006 and rules as follows:

Summary Judgment is DENIED as to Count I - the contract claim for renovation expenses, see Compl. ¶¶ 36-39 [Doc. No. 1].

Summary Judgment is DENIED as to the remaining promissory estoppel claims - Counts VI and VIII - X, see id. ¶¶ 57-61, 67-83. The Court rules that unconscionable injury is not an element of a promissory estoppel claim under New York law except where a plaintiff seeks to circumvent the Statute of Frauds. Polargrid v. Videsh Sanchar Nigam Ltd., No. 04-9578, 2006 U.S. Dist. LEXIS 17531, *9 (S.D.N.Y. April 7, 2006); See Kaye v. Grossman, 202 F.3d 611, 615 (2d Cir. 2000) (defining the "injury" element of a promissory estoppel claim under New York law as requiring only "injury to the relying party as a result of reliance"); New York City Health & Hosp. Corp. v. St. Barnabas Hosp., 10 A.D. 3d 489, 491 (N.Y. App. Div. 2004) (same).

Summary Judgment is ALLOWED IN PART and DENIED IN PART as to Mullinix's Motion for Partial Summary Judgment [Doc. No. 44].

The declaratory judgment claim to establish that in the event of liability, the Estate acquires ownership interest in the Fifth Avenue Apartment and the cooperative shares by constructive trust, see Def. Ans. & Counterclaim at 13 [Doc. No. 3], survives summary judgment.

The claim for a declaration of ownership interest by way of a resulting trust, see id., fails as matter of law. The Executors have not alleged that Mullinix obtained title to the property without Lawerence Bogorad's knowledge or consent; nor does the record in this case support such a claim. See Mendel v. Hewitt, 161 A.D. 2d 849, 901 (N.Y. App. Div. 1990) ("A resulting trust may be established if "1) title to property is taken in the name of one person without the consent or knowledge of the person who paid a consideration for the transfer, 2) in violation of a trust, the transferee had purchased property with the money of another person.").

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE