UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN P. MULLINIX,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KIKI BOGORAD-GROSS and LEONARD P. BOGORAD, As They Are Executors of the Will of Lawrence Bogorad,<br><br>　　　　Defendants. | Civil Action No. 04-12684-WGY |

## JOINT PRETRIAL MEMORANDUM

### 1.　Summary of Evidence

#### a.　Plaintiff's Statement of the Expected Evidence

This is an action to recover damages for the defendants' breach of contract and under promissory estoppel. The Plaintiff will present evidence that proves that before his death on December 28, 2003, Professor Lawrence Bogorad contracted with the Plaintiff to (i) split evenly with her the tax consequences that resulted from the sale of her apartment on East 87th Street in New York; (ii) pay the monthly maintenance fees for her apartment on 5th Avenue in New York; (iii) pay for the cost of renovations to the 5th Avenue apartment, including the cost of the work and the architect's fee; and (iv) split evenly with her the costs she incurred for storing her belongings from the East 87th Street apartment until those belongings could be moved into the 5th Avenue apartment upon completion of the renovations. The Plaintiff filed this action when the Defendants refused to honor Prof. Bogorad's obligations to her concerning renovations to her

apartment. The evidence will show that Prof. Bogorad induced the Plaintiff to sell her apartment in New York City and to buy another apartment, which would – and did – require considerable financial commitments. The evidence will reveal that the *only* reason the Plaintiff sold her apartment and bought a new one was because Prof. Bogorad committed to pay for the renovations to the new apartment, as well as for the apartment's monthly maintenance fees, one-half the storage costs while the new apartment was being renovated, and one-half the tax consequences from the sale of her condominium. The Plaintiff's legal detriment – taking action she was otherwise not legally obligated to take – provided adequate consideration to Prof. Bogorad's promises.

Additionally, the evidence will show that: (1) Prof. Bogorad promised to pay for the renovations to the Plaintiff's apartment, and the other costs described above, if she purchased the new apartment; (2) it was reasonable and foreseeable that the Plaintiff would rely on his promises; (3) the Plaintiff *did* rely on those promises when she purchased the new apartment; and (4) the Plaintiff had to pay from her own funds for each of the items for which Prof. Bogorad promised to pay. The Plaintiff seeks damages in excess of $450,000.00. The Defendants' claim of an ownership interest in the 5th Avenue apartment by a constructive trust is without merit.

### b. Defendants' Statement of the Expected Evidence

Through witnesses and documentary evidence, the Defendants will establish that, at most, Plaintiff and Professor Bogorad lived as though they were married and gave each other gifts pursuant to that loving and intimate relationship. The Defendants will further establish that there is no evidence that Professor Bogorad intended the gifts that he made during his lifetime to constitute contracts enforceable against his estate. Although Plaintiff alleges that both Professor Bogorad and Leonard Bogorad told her she could live at Professor Bogorad's home in

Lexington, Massachusetts, until the renovations to the her New York City apartment were completed, the Defendants will establish that there is no evidence that this alleged promise was ever made to Plaintiff.

With respect to damages, Defendants' expert real property appraiser will testify that the Apartment has appreciated approximately $700,000 since the Plaintiff purchased the Apartment in 2003. Moreover, Defendants will establish through Plaintiff's testimony and other documentary evidence that Plaintiff was told, in writing, that the Estate of Lawrence Bogorad would not pay for renovations five weeks before she entered into contracts to have them performed and, therefore, failed to mitigate her damages.

**2.   Statement of Agreed Upon Facts**

None.

**3.   Contested Issues of Fact**

The contested issues of fact are as follows: (1) whether Professor Bogorad told the Plaintiff that he would pay for renovations to her 5th Avenue Apartment up to $400,000; (2) whether Professor Bogorad told the Plaintiff that he would pay for one-half the capital gains tax consequences incurred as a result of the sale of the 87th Street Apartment; (3) whether Professor Bogorad told the Plaintiff that he would pay for one-half the storage fees incurred as a result of the move from the 87th Street Apartment to the 5th Avenue Apartment; (4) whether Professor Bogorad told the Plaintiff that she could live in the Lexington Home until the renovations to her 5th Avenue Apartment were completed; (5) whether Leonard Bogorad told the Plaintiff that she could live in the Lexington Home until the renovations to her 5th Avenue Apartment were completed; and (6) whether Professor Bogorad and the Plaintiff agreed that the Plaintiff would transfer to him an ownership interest in the 5th Avenue Apartment in exchange for his payments.

**4. Jurisdictional Questions**

None.

**5. Questions Raised by Pending Motions**

None.

**6. Issues of Law**

On July 18, 2006 the Court issued an order allowing the Defendants' Motion for Summary Judgment as to Counts II-V, contract claims relating to monthly maintenance fees, storage costs and tax consequences, and as to Count VII, a promissory estoppel claim relating to monthly maintenance fees. The Court denied the summary judgment to the remaining counts, which remain alive for trial: Count I (the contract claim for renovation expenses), Count VI (promissory estoppel claim for the renovations), Count VIII (promissory estoppel claim for one-half the storage fees), Count IX (promissory estoppel claim for one-half the capital gains tax consequences) and Count X (promissory estoppel claim for costs related to alternative housing arrangements). In addition, the Court allowed the Plaintiff's Motion for Summary Judgment respecting Defendants' counterclaim for a resulting trust. Accordingly, the only counterclaim that remains alive for trial pertains to the imposition of a constructive trust.

**7. Requested Amendments to the Pleadings**

None.

**8. Additional Matters**

  **a. Plaintiff's Additional Matters**

The Plaintiff will object to any expert witness the Defendants' call to testify at trial. The Plaintiff also will object to the use of the deposition testimony of Renee Ring.

### b. Defendants' Additional Matters

The Defendants will object to any expert testimony proffered by the Plaintiff. The Defendants will also object to any hearsay evidence proffered by the Plaintiff related to Professor Bogorad's alleged statements of promises to the Plaintiff.

### 9. Probable Length of Trial

Three days.

### 10. Witnesses

#### a. Plaintiff's Witnesses

##### i. Factual Witnesses

Kathleen P. Mullinix
1050 Fifth Avenue, Apt. 15B
New York, NY 10028

Judith Durham Smith
Stribling & Associates Limited
924 Madison Avenue
New York, NY 10021

Heather Aman
Heather Aman Design
347 West 36th Street, Room 1501
New York, NY 10018

Raynor Warner
30 Hancock Street
Lexington, MA 02420

Kiki Bogorad-Gross
80 Highland Avenue
Newton, MA 02460

Leonard Bogorad
5121 Worthington Drive
Bethesda, MD 20816

James R. Grimaldi
Livingston, Wachtell & Co., LLP
Certified Public Accountants
29 Broadway, 25th Floor
New York, NY  10006-3208

### b. Defendants' Witnesses

#### i. Factual Witnesses

Kiki Bogorad-Gross
80 Highland Avenue
Newton, Massachusetts 02460

Kiki Bogorad-Gross is the daughter and co-executor of the will of Professor Bogorad. She will testify concerning certain aspects of the relationship between Professor Bogorad and Plaintiff, including certain gifts which Professor Bogorad made to or for the apparent benefit of Plaintiff; information concerning Professor Bogorad's habits and routine practices; information concerning the provisions which Professor Bogorad made for Plaintiff in the estate plan; information concerning the absence of evidence of Professor Bogorad's alleged promises to Plaintiff; and information concerning Plaintiff's temporary occupancy of Professor Bogorad's former home in Lexington, Massachusetts.

Leonard Bogorad
5121 Worthington Drive
Bethesda, Maryland 20816

Leonard Bogorad is the son and co-executor of the will of Professor Bogorad. He will testify concerning certain aspects of the relationship between Professor Bogorad and Plaintiff, including certain gifts which Professor Bogorad made to or for the apparent benefit of Plaintiff; information concerning Professor Bogorad's habits and routine practices; information concerning the provisions which Professor Bogorad made for Plaintiff in the estate plan; information concerning the absence of evidence of Professor Bogorad's alleged promises to

Plaintiff; and information concerning Plaintiff's temporary occupancy of Professor Bogorad's former home in Lexington, Massachusetts.

> James Gross
> 80 Highland Avenue
> Newton, Massachusetts 02460

James Gross is the son-in-law of Professor Bogorad. He will testify regarding certain aspects of the relationship between Professor Bogorad and Plaintiff, including certain gifts which Professor Bogorad made to or for the apparent benefit of Plaintiff; information concerning Professor Bogorad's habits and routine practices; information concerning the provisions which Professor Bogorad made for Plaintiff in the estate plan; information concerning the absence of evidence of Professor Bogorad's alleged promises to Plaintiff; and information concerning Plaintiff's temporary occupancy of Professor Bogorad's former home in Lexington, Massachusetts.

### ii. Expert Witnesses

> Christopher Devine
> Mitchell, Maxwell & Jackson, Inc.
> 546 Fifth Avenue
> 9th Floor
> New York, NY 10036

Christopher Devine is the Director of Legal at Mitchell, Maxwell & Jackson, Inc. He performed the real estate appraisal of the Apartment. He will testify as to the current fair market value of the Apartment and the methodology that he used to arrive at that value.

### 11. Proposed Exhibits

#### a. Plaintiff's Exhibits

The Plaintiff intends to introduce exhibits that will establish: the nature and duration of the Plaintiff's romantic relationship with Prof. Bogorad (including, but not limited to, love letters and notes); Prof. Bogorad's payments relating to the Plaintiff's 87th Street Apartment and the

Apartment on 5th Avenue (including, but not limited to, cancelled checks); the trust Prof. Bogorad amended to include the Plaintiff as a beneficiary (including, but not limited to, estate documents); and Prof. Bogorad's significant involvement in the purchase and renovation of the 5th Avenue Apartment (including, but not limited to, a draft application to the board, cancelled checks and notes relating to furniture and cabinet purchases). Additionally, the Plaintiff will enter into evidence emails exchanged between and among the Defendants, Prof. Bogorad and the Plaintiff from approximately 2000 - 2004. All exhibits that the Plaintiff intends to introduce to the Court have been produced during the discovery period and are properly Bates labeled.

The Plaintiff recognizes that the Court requests a list of proposed exhibits in the order of their introduction to the Court, distinguishing between which will be introduced with and without objection. The Plaintiff respectfully requests additional time to prepare a meaningful list that complies with the Court's procedural pretrial order, because the Plaintiff and the Defendants have not had an opportunity to confer as to which exhibits are agreed upon and which will face objections, and in what order such exhibits will be introduced to the Court.

### b. Defendants' Exhibits

The Defendants will introduce exhibits that will establish that Professor Bogorad made gifts to the Plaintiff (including, but not limited to, cancelled checks); the Plaintiff never reported the consideration for Professor Bogorad's alleged promises as income (including, but not limited to, the income tax returns of Kathleen P. Mullinix for 2000 – 2003); in purchasing the Apartment, the Plaintiff did not rely on Professor Bogorad's alleged promises (including, but not limited to, Personal Information Regarding the Applicant of the application of Kathleen P. Mullinix to the Board of Directors of 1050 Fifth Avenue, Inc., dated February 21, 2003 and the deposition testimony of Renee Ring, who is not available to appear in person at this proceeding);

Professor Bogorad contemplated the Plaintiff's renovations-related expenses by including her in his will (including, but not limited to, estate documents); the Plaintiff's financial capacity to pay for the renovations on her own (including, but not limited to, the Statement of Assets and Liabilities as of December 31, 2002 of Kathleen P. Mullinix, the Financial Statement of Kathleen P. Mullinix, dated February 27, 2003 and the Letter from Kathleen P. Mullinix to the Board of Directors of 1050 Fifth Avenue, Inc., dated March 11, 2003); the Plaintiff's failure to mitigate her damages (including, but not limited to, Letter from Matthew A. Berlin, Esq. to Larry C. Kenna, Esq., dated February 11, 2004, Contract between Kathleen P. Mullinix and McGraime Woodworking, Inc., dated March 17, 2004, Letter dated August 3, 2003 from Kathleen Mullinix to Heather Aman, Agreement between Kathleen Mullinix and Heather Aman, dated July 25, 2003, and invoices, dated November 3, 2003, November 24, 2003, January 30, 2004, May 17, 2004, and August 2, 2004, from Heather Aman Design to Kathleen Mullinix); the fair market value of the Apartment (including, but not limited to expert appraisal report from Christopher Devine of Mitchell, Maxwell & Jackson, Inc.); and Defendants never promised Plaintiff she could remain in the Lexington Home until the renovations to her Apartment were completed (including, but not limited to, emails between Bogorad-Gross and Plaintiff, dated May 12, 2004, May 28, 2004, June 11, 2004 and May 16, 2004).

    The Defendants recognize that the Court requests a list of proposed exhibits in the order of their introduction to the Court, distinguishing between which will be introduced with and without objection. The Defendants respectfully requests additional time to prepare a meaningful list that complies with the Court's procedural pretrial order because the Plaintiff and the Defendants have not had an opportunity to confer as to which exhibits are agreed upon and which will face objections, and in what order such exhibits will be introduced to the Court.

Respectfully submitted,

| | |
|---|---|
| KATHLEEN P. MULLINIX,<br><br>By her attorneys, | KIKI BOGORAD-GROSS and LEONARD P. BOGORAD, as they are Executors of the Will of Lawrence Bogorad<br><br>By their attorney, |
| /s/ Larry C. Kenna<br>Larry C. Kenna (BBO #267760)<br>Michelle L. Dineen Jerrett (BBO #634930)<br>Sara E. Solfanelli (BBO #658018)<br>CHOATE, HALL & STEWART LLP<br>Two International Place<br>Boston, Massachusetts 02110<br>(617) 248-5000 | /s/ Larry L. Varn<br>Larry L. Varn (BBO# 508130)<br>Lisa M. Hodes (BBO # 660444)<br>SULLIVAN & WORCESTER LLP<br>One Post Office Square<br>Boston, MA 02109<br>(617) 338-2800 |

Dated: September 13, 2006

4121789v3